NORMAN, executor, *v.* THE GEORGIA LOAN & TRUST CO.

Taken in connection with the entire charge, there was no error in the charges, or refusal to charge, complained of; the evidence warranted the verdict, and there was no error in denying a new trial.

July 17, 1893.

Complaint on note. Before Judge BOYNTON. Henry superior court. October term, 1892.

BRYAN & DICKEN and HALL & HAMMOND, for plaintiff in error. BECK & CLEVELAND, *contra.*

LUMPKIN, Justice.

This was an action upon a promissory note against D. W. Lewis and W. P. Norman, as executor of H. C. Lewis. The former made no defence. The defences mainly relied on by the latter were : (1) that H. C. Lewis was of unsound mind, and incapable of contracting, at the time the note was executed; and (2) that he did not, in fact, himself sign the note, nor authorize any person to do so for him. The evidence was voluminous, and decidedly conflicting, but that introduced on the part of the plaintiff was amply sufficient to support a finding by the jury that the deceased was mentally capable of contracting; that he freely and voluntarily authorized D. W. Lewis to sign his name to the note, and that this was done in his immediate presence. The court below was satisfied with the verdict returned by the jury, and the judgment refusing to grant a new trial ought not, therefore, upon the merits of the case, to be set aside.

Error was assigned upon the following charge of the court: "If he [referring to H. C. Lewis] signed himself, or if he instructed another to sign it for him, and if another signs his name to the note with his consent or authority, then it would be his contract, and as legally binding on him as if he had done it himself; so that if

another signed it for him, or he authorized another to sign for him, you would be authorized to find against the plea of *non est factum* to the note, and in favor of it being his contract." The alleged error was, that this charge was given without a statement or qualification to the effect that the rule stated would be true only in case H. C. Lewis had sufficient mind to make a contract. To test the fairness of this exception, it is only necessary to refer to the charge itself. In the charge immediately preceding the words above quoted, we find the following language: "If you find from the evidence, gentlemen of the jury, that H. C. Lewis had mental capacity to make a contract, and that he authorized D. W. Lewis to sign his name to the paper sued on, then you would be authorized to find against the plea of *non est factum.*" Comment is unnecessary, except to refer to the second division of the opinion of BLECKLEY, C. J., delivered in *Fletcher* v. *The State*, 90 *Ga.* 470, 17 S. E. Rep. 101, where the practice of detaching from its context a short extract from the charge of the court, and predicating an assignment of error upon it thus isolated, is declared to be altogether improper.

The court was requested to charge: "It does not require a high degree of mental power to make a binding agreement. One who has enough of mind and reason equal to a clear and full understanding of the nature and consequence of his act in making a deed, is to be considered sane. One who lacks this capacity, is to be considered insane." This entire request was given with the exception of the last sentence, and complaint is made of this omission. It would, perhaps, have been better to give the request as presented, but we do not think it possible that the jury could have failed to understand from the instruction as given that one who did *not* possess the requisite capacity, as explained to them, would be incapable of contracting, and would not be bound by

a contract purporting to have been entered into by him. Besides, in view of the whole charge, we are fully satisfied the jury were not misled in this particular. Where the converse of a proposition is plainly manifest even to a mind of but ordinary comprehension, it need not be stated.

The only remaining ground of the motion for a new trial assigns as error the following charge : " If the defendant, H. C. Lewis, was at times insane, but had lucid intervals, during a lucid interval he would have the right to make a contract ; and if he made a contract during a lucid interval, then it would be a binding contract." This, certainly, is a sound and correct statement of the law, and counsel for the plaintiff in error so concede, but contend that it was error to give this instruction unaccompanied by any qualification to the effect that if a person is shown to be insane, the presumption is that he remains insane ; and that a person may have what are called lucid intervals and yet not have sufficient mind to make a contract. If it was desired to have the attention of the jury specially called to these qualifications of the principle announced by the court, counsel should have preferred a request to this effect. The charge as given did not necessarily require the qualifications mentioned, and certainly cannot be said to have been misleading.

On the whole, there is, so far as we can perceive, no merit whatever in this writ of error, and accordingly, the judgment of the court below is          *Affirmed.*