THE CINCINNATI AND GEORGIA RAILROAD *vs.* MIMS *et al.*

1. If one who owned a tract of land divided it into lots, opened an alley through it, and sold lots on the alley, but did not in her deeds to the purchasers, expressly reserve the right to have the alley revert to her when it ceased to be used as an alley, if such use ceased, the alley would attach to the abutting lots, although it had been open for seven years, and the public, or any one who desired to use it, had been permitted to do so.

(*a.*) Where a railroad company owned all the land on one side of such an alley, and sought to condemn the land on the opposite side thereof, the owners of such land, in estimating the value of the lot, had a right to claim compensation for the easement in the alley and the right to a half interest therein when it ceased to be used as such.

2. While, as an abstract proposition, it may have been objectionable to charge that the husband of the life tenant in the land sought to be condemned could not bind her without her express consent, authority or ratification; still, under the facts of this case, it did not affect the rights of the plaintiff in error. She had ten days after the award to enter an appeal, and having availed herself of that right, together with the remainderman, what was said and done before the assessors went for naught.

3. Upon the trial of a proceeding by a railroad to condemn land for its purposes, it was competent to ask a witness as to the value

of the property, without restricting the question to the cash market value.

4. The verdict is in accordance with law and the evidence.

February 2, 1884.

Streets. Alleys. Title. Boundaries. Husband and wife. Evidence. Railroads. Eminent domain. Before Judge HAMMOND. Fulton Superior Court. October Term, 1882.

To the report contained in the decision, it is necessary to add only the following: The Cincinnati & Georgia Railroad, under its charter (Acts 1880–1, p. 250), proceeded to condemn a lot held by Mrs. Mims for life, with remainder to her children, under the will of her mother, Mrs. Ford. Assessors were appointed, who returned an award of $3,000.00 within ten days. Mrs. Mims, and the ordinary on behalf of the minor child, (there being but one), entered an appeal. One issue raised by the railroad company was that they had agreed upon $3,000.00 as a proper price with Mr. Mims, representing his wife; but that, as an agreement affecting the child would not be binding, the case was submitted to the assessors; that Mims alone appeared as a witness before the assessors, and testified that $3,000.00 was a proper price; that the award fixed that valuation, and the amount was paid over to the ordinary for investment upon the same terms as those upon which the lot was held. The appellants insisted that Mims was not authorized to act for his wife, that she was not bound by his acts, and that the ordinary in receiving the amount paid to him did not intend to affect the right of appeal, and upon discovering that MrsMims was dissatisfied, he offered to pay the money back.

The jury found in favor of the plaintiffs for three-fourths of the alley for $322.75, and $3,765.41 for the lot and houses. Defendant moved for a new trial, which the court granted, unless the plaintiffs would write off from the verdict one-third of the amount found for the alley,

thus leaving the finding for one-half of the alley to stand; and upon this being done, the new trial was refused, and defendant excepted.

MYNATT & HOWELL, for plaintiff in error.

COLLIER & COLLIER, for defendants.

BLANDFORD, Justice.

This was a proceeding to condemn a certain lot in the city of Atlanta, belonging to Mrs. Mims for life, and at her death to her children, for the use of the plaintiff in error, under its charter.  Mrs. Mims, being dissatisfied, appealed from the award of the assessors to the superior court, in accordance with the act of 1881.  Upon the trial of the case, it was shown that Mrs. Ford, the mother of Mrs. Mims, was the original owner of the land, that she conveyed the same to Mrs. Mims for life, and at her death, to her children (she had one child, which was a minor); also, that Mrs. Ford had opened an alley-way along the whole breadth of the lot conveyed to Mrs. Mims, which lot was improved.  The evidence showing the value of this lot ranged from $2,500.00 to $5,000.00; various estimates were placed upon the alley-way, from three to eight hundred dollars.  The jury returned a verdict for three-fourths of the alley-way for three hundred and twenty-two dollars and seventy-five cents, and for the house and lot three thousand seven hundred and sixty-five dollars and forty-one cents.

The railroad company moved for a new trial upon the grounds :

(1.) That the verdict is contrary to law and evidence.

(2.) Because the court erred in refusing to charge the jury, as requested by plaintiff in error, " If you find from the evidence, Mrs. Ford owned a certain tract of land, and divided it up into lots, and opened the alley in dispute seven years ago before October 13th, 1881, and permitted the

public, or anybody who desired, to use it, and after it was opened sold lots on the alley. and did not in her deeds to purchasers expressly reserve the right to have the alley revert to her when it ceased to be used as an alley, then she had no right to the soil in the alley, and you will find for the defendant as to the alley."

1. The court did right to refuse to charge as was requested. Mrs. Mims's lot, which was sought to be condemned in this proceeding, abutted on this alley its full length, and under the facts hypothecated in the request, when it ceased to be used as an alley, one-half of the same would attach to the lot of Mrs. Mims. The railroad company had acquired all the property lying on and along the alley opposite to the property of Mrs. Mims, and no one was entitled to use this alley except the railroad and Mrs. Mims. When the property of Mrs. Mims should be condemned for the use of the railroad company, then this company would acquire the whole of the soil of this alley (the facts hypothecated being true); hence the court did right to refuse this request. Mrs. Mims and her child, in this proceeding, had a right to be paid, in estimating the value of her lot, for the easement which she had a right to enjoy, to the whole of this alley, and when it ceased to be used as an alley, then as an abutting proprietor, to one-half of the soil of the entire alley-way. And this is a sufficient reply to the second and third requests of the plaintiff in error of the court to charge the jury.

(3.) Because the court erred in charging the jury that the husband of Mrs. Mims could not bind her without her express consent or authority, or unless she expressly ratified what he did.

2. This charge may be, and doubtless is, objectionable in the abstract, but when taken in connection with the facts of the case, it did not in any manner affect the rights of the plaintiff in error. Mrs. Mims had only a life estate; remainder was to her children. She had one child, which was a minor, who had no guardian, and whatever

the husband may have said or done before the assessors, and whatever his authority might have then been from Mrs. Mims, she had ten days after the award was made to enter her appeal to the superior court, and she availed herself of this right, and with her child, presented her appeal. This appeal vacated the award, and all that was said and done before the assessors in the case went for naught, so that this charge could have no injurious effect upon the rights of the plaintiff in error, and did not hurt it.

3. It is further insisted that the court erred in allowing counsel for Mrs. Mims to ask a witness as to the value of the property in dispute, without using the words cash market value, the court stating that counsel for plaintiff in error could put the question in that form upon cross examination, if they desired.

This was no error, but entirely proper. The value of the property was in question, and the true solution of the question was what was desired.

4. The verdict of the jury is in accordance with the law and evidence.

Judgment affirmed.