16052.   CITY OF REYNOLDS *v.* CARTER.

STEPHENS, J.   1. It appearing from the record that the only issue to be determined by the jury was the amount to be paid by the City of Reynolds to the owners of certain waterworks property which the city had condemned for public purposes, and that by agreement between the parties the value of the property was to be determined as of a certain designated date, the court in its charge did not err in restricting the inquiry of the jury to this issue, and in stating that the value of the property was to be determined as of the date agreed upon.

2. An owner of property taken for public purposes is entitled to receive as compensation therefor its fair market value, and in addition a sum representing any consequential damage which may arise therefrom to remaining property of the owner not taken.   *Central Georgia Power Co.* v. *Mays,* 137 *Ga.* 120 (72 S. E. 900).   A charge to this effect is not subject to the objection that it fails to contain a rule by which the jury may arrive at the value of the property condemned.

3. An instruction by the court that the jury should be guided by the same rule that the law provides for the guidance of assessors in condemnation proceedings, and that "the assessors, or a majority of them, shall assess the value of the property taken  . .  and  . .  the consequential damages to the property not taken," is not subject to the exception that the jury were instructed that a majority of them had the power to make a verdict.

4. Certain grounds of the motion for a new trial which except to certain transactions that happened in the presence of the jury present no question for determination, since it does not appear that any ruling was made or invoked thereon.

5. Certain other grounds of the motion for a new trial, which were not approved by the court, present no question for determination.

6. Certain alleged newly discovered evidence can not be considered, since there are no supporting affidavits as to the credibility of the person offering the evidence, and since no facts appear showing that such evidence could not have been ascertained by the movant or its attorneys by the exercise of ordinary diligence.

7. No error of law appears, and the amount of the verdict found for the owners of the property, as representing compensation due for the taking of and the damage to their property, was authorized by the evidence.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 20, 1925.

Complaint; from Taylor superior court—Judge Munro.  December 5, 1923.

Application for certiorari was made to the Supreme Court.

*Jere M. Moore, C. B. Marshall,* for plaintiff.
*Homer Beeland, C. W. Foy,* for defendants.