35838. GEORGIA POWER COMPANY *v.* PITTMAN *et al.*

DECIDED SEPTEMBER 29, 1955.

*Davis & Davidson, Erwin, Nix, Birchmore & Epting,* for plaintiff in error.

*E. C. Stark, J. N. Rainey,* contra.

TOWNSEND, J. ■ Special grounds 4 and 5 and a part of special ground 7 complain of the charge of the court on the measure of damages, as set out below, the Code sections from which various portions of the charge originate being indicated in brackets by this court: "Our law provides that in fixing the compensation or damages for both actual and consequential damages either or both shall be paid by the persons seeking to condemn property as herein provided. . . In estimating the value of land when taken for public uses it is not restricted to its agricultural or productive qualities, but inquiry may be made as to all legitimate purposes for which the property could be appropriated. [Code § 36-505.] Prospective and consequential damages resulting therefrom may also be taken into consideration if the same are plain and appreciable. [Code § 36-506.] Now, direct damages are such as follows immediately upon the act done. Consequential damages are such as are necessary and connected effect of the act though to some extent depending upon other circumstances. [Code § 105-2007.] Damages which are the legal and natural result of the act done though contingent to some extent are not too remote to be recovered, but damages traceable to the act but its legal or natural consequences are too remote and contingent. [Code § 105-2009.] I charge you, gentlemen of the jury, that in this case under the evidence submitted that you should find for the defendant for some amount. The only issue that have to decide is what that amount shall be, and that amount shall be the direct and consequential damages to the lands as described in the pleadings." The court also charged that the company might condemn rights of way or other easements for said purposes upon first paying a just compensation to the owner of the

land to be affected, and that "the Constitution of the State of Georgia provides that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid. [Code, Ann., § 2-301.]" No other charge was given relative to the measure of recovery.

The plaintiff in error contends that the court erred in not giving the jury any rule by which they could determine the measure of recovery in an eminent domain case; that the rule given pertained to the assessment of damages against a tortfeasor rather than the concept of value under the law of eminent domain; that the jury was not instructed to determine from the evidence the market value of the property taken and damages, if any, to adjacent property; and that they were left without instructions under which to ascertain the amount to which the condemnees might be entitled.

In a condemnation case the sole issue is the injury to the interest of the condemnee in the property. *Georgia Power Co.* v. *Brooks,* 207 *Ga.* 406, 409 (62 S. E. 2d 183). No recovery may be had for the tortious acts, if any, of the condemnor, as the case does not sound in tort. *Young* v. *Harrison,* 17 *Ga.* 30, 41; *Terrell County* v. *York,* 127 *Ga.* 166 (2) (56 S. E. 309). The measure of damages for the taking of part of a tract belonging to the condemnee, or an interest in part of such tract, is the value of the land or interest taken plus the depreciation in value of the remainder of the tract. Such depreciation is what is meant by "prospective and consequential damages resulting therefrom," referred to in Code § 36-506, and is specifically described in Code § 36-504 as "consequential damages to the property not taken." It is ordinarily to be arrived at by ascertaining the difference between the fair market value of the remaining tract before and after the taking. *State Highway Board* v. *Bridges,* 60 *Ga. App.* 240 (2) (3 S. E. 2d 907). Where market value is difficult or impossible to ascertain, the jury may consider actual pecuniary value to the owner, as pointed out in *Housing Authority of Savannah* v. *Savannah Iron & Wire Works,* 91 *Ga. App.* 881 (87 S. E. 2d 671); but it would appear that in a case such as this, where the tract at issue is at present farm land and woods, and there is testimony both as to its value for such purposes and its prospective value for subdivision purposes,

market value is the criterion to be used, there being no unusual circumstances which would make any appreciable distinction between value to the owner and market value generally. Of course, in ascertaining such consequential damages, prospective future use may be considered. *Young* v. *Harrison,* supra.

The vice in the charge of the court in this case is that it dealt with damages to the owner as though the case were an ordinary tort or negligence action. The definition of consequential damages charged by the court, and applicable to tort law, was not only charged incorrectly in that the judge left out the word "not" so that the charge as given stated that "damages traceable to the act but . . . its legal or natural consequences are too remote and contingent" to be recovered; and it also was made to appear that the jury should find the "consequential damages" as applied to the whole taking, whereas, as stated above, the true measure is the market value of the property or interest taken plus the depreciation in market value of the remainder of the tract not taken, the latter being the difference between the fair market value of the adjoining property immediately before and immediately after the taking. *State Highway Board of Ga.* v. *Coleman,* 78 *Ga. App.* 54 (3) (50 S. E. 2d 262); *H. G. Hastings Co.* v. *Southern Natural Gas Corp.,* 45 *Ga. App.* 774 (5) (166 S. E. 56); *Potts* v. *City of Atlanta,* 140 *Ga.* 431 (3) (79 S. E. 110). Nowhere in the charge did the court make the distinction clear between value of land taken and damage to adjoining land not taken; nowhere did it give them any rule by which they should be guided in reaching the amount of their verdict. Under the charge given, the jury might have thought that consequential damages were in addition to, and not a part of, just and adequate compensation, or they might have thought they could return a verdict only for the damages as compensation, without figuring the value of the land taken or interest therein. Where failure to give the jury a rule for estimating the damages claimed leaves them without substantial guidance in the case, a new trial should be granted even though no specific request to charge was made. *Southern Ry. Co.* v. *O'Bryan,* 112 *Ga.* 127 (1) (37 S. E. 161). These special grounds require a reversal.

■ Special ground 6 contends that the court erred, in charging the provisions of Code § 38-107 relative to the elements to be

considered in determining the preponderance of evidence, in that it omitted to authorize consideration by the jury of "the nature of the facts to which [the witnesses] testified, and the probability or improbability of their testimony." It has been frequently held that, when the court undertakes to charge this Code section, it should do so fully and completely. *Renfroe* v. *Hamilton*, 193 *Ga.* 194 (17 S. E. 2d 709); *Fountain* v. *McCallum*, 194 *Ga.* 269 (12) (21 S. E. 2d 610); *Tucker* v. *Talmadge*, 186 *Ga.* 798 (198 S. E. 726). Whether or not the error in making this omission was cured by similar instructions in another portion of the charge, it is not necessary to consider, as the case is being reversed on other grounds.

The general grounds of the motion for new trial are not considered, as the case is to be tried again.

The trial court erred in denying the motion for new trial as amended.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*