36514. VANN *et al. v.* STATE HIGHWAY DEPARTMENT.

DECIDED FEBRUARY 28, 1957.

*Clower & Anderson,* for plaintiffs in error.

*Matthews, Maddox, Walton & Smith,* contra.

NICHOLS, J. 1. The usual general grounds of the motion for new trial, being neither argued nor insisted upon, are treated as abandoned.

2. In the special ground of the motion for new trial numbered 4 error is assigned on the admission of evidence as to the

fair market value of the land taken. The contention of the plaintiff in error is that the sole question for decision was the value of the property immediately before the taking and the value of the remainder of the property immediately after the taking. The contention that the case of *State Highway Board* v. *Bridges*, 60 *Ga. App.* 240 (3 S. E. 2d 907), holds that the sole measure of damages is the difference between the market value before and after the taking is without merit. This decision holds that the first question for consideration by the jury is the value of the land taken, and then arises the question of whether the consequential benefits arising from the improvements are greater than the consequential damages, and if so there can be no further recovery. Therefore, the trial court did not err in admitting, over the condemnee's objection, evidence as to the "value" of the land taken. Particularly is this true where other evidence as to the value of the land taken was introduced without objection.

3. Special ground 5 complains that the trial court erred in refusing to permit the condemnee to cross-examine a witness for the condemnor as to the value of certain property adjoining that being condemned. It is unnecessary to decide if this was error, for even conceding that it was error, it was harmless error, since the condemnee was permitted to ask this witness questions as to the type of property, as to the improvements thereon, and other questions to show that it was property that would tend to make the property being condemned more valuable as a "subdivision" than as "acreage," and the value of adjoining land that had been subdivided and improved by building houses thereon would not aid the jury in determining the "value" of the condemnee's property which had not been subdivided and improved.

4. Special ground 6 complains that the trial court, on objection by the condemnor, refused to permit counsel for the condemnee to ask a witness on cross-examination what price had been paid for certain other property near that which was being condemned. The witness testified that he did not know the amount of acreage involved and therefore, did not know the amount per acre that was paid for the property. Since the witness answered the question propounded to show that he did not know the number of acres involved in the sale about which he was being ques-

tioned, the price paid for such unknown number of acres would have no bearing on the issue being tried. Moreover, the sale was shown to have taken place several years prior to the trial of the condemnation proceedings and was therefore irrelevant. See *Flemister* v. *Central Ga. Power Co.*, 140 *Ga.* 511 (6) (79 S. E. 148).

5. Special grounds 7 through 10 complain of certain excerpts from the court's charge. The gist of these complaints is that the trial court, in instructing the jury, used the term "fair market value" rather than "fair and reasonable value" when referring to the property being condemned.

An examination of the whole charge in the present case reveals that such charge conformed with charges that have previously been approved by this court and the Supreme Court. It was fair and full, and properly instructed the jury as to how it should arrive at a verdict in the present case. See in this connection *Central Georgia Power Co.* v. *Mays*, 137 *Ga.* 120, 123 (72 S. E. 900), and *City of Reynolds* v. *Carter*, 34 *Ga. App.* 252 (2) (129 S. E. 117), where the use of the term "fair market value" is approved in cases like the present one.

The plaintiff in error having abandoned the usual general grounds of the motion for new trial, and the special grounds showing no reversible error, the judgment of the trial court denying the amended motion for new trial must be affirmed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*