37676. FULTON COUNTY *v.* COX.

Dᴇᴄɪᴅᴇᴅ Jᴜɴᴇ 4, 1959—Rᴇʜᴇᴀʀɪɴɢ ᴅᴇɴɪᴇᴅ Jᴜɴᴇ 29, 1959.

*Harold Sheats, Paul H. Anderson, George Gillon,* for plaintiff in error.

*Harry P. Hall, Jr., John L. Westmoreland, John L. Westmoreland, Jr.,* contra.

Cᴀʀʟɪsʟᴇ, Judge. ■ The first special ground of the motion for a new trial assigns error because a witness for the condemnee was permitted to testify on direct examination as to the average price per square foot paid by the State of Georgia in its purchase of a number of separate parcels of property under different ownership located in an area adjacent to the property in

question. This ground of the motion shows that the question which elicited the testimony complained of was objected to on the ground that the average price per square foot on a block-wide basis would not throw any light on the value of any particular property and on the ground that the defendant's own witness had testified that such average price would not reflect the fair market value of any of the parcels and that it would ordinarily cost twice as much to acquire property in that manner.

The record in this case shows that the particular parcel of property involved here was a part of an extensive acquisition of some nine or ten square blocks of city property being acquired by purchase and condemnation by the county for the purpose of the construction of a highway project. It was located in a block bounded by Memorial Drive, Capitol Avenue, Woodward Avenue and Crew Street. The witness was asked if he was familiar with the purchase of the property surrounded by Memorial, Capitol, Woodward and Frazer, to which he replied that he was, and that the average price per square foot paid for that property was $6.40 for that fronting on Capitol Avenue, and $4.38 per square foot for that fronting on Memorial Drive, and that this property was purchased by the State between May and November of 1956. The property here in question was taken on April 29, 1957. On cross-examination this witness testified that the sales of the property about which he was testifying were the last prior to the taking of the property here involved, and that in his opinion that was the most comparable sale that he had to go by. However, it will be noted that this testimony did not refer to any particular sale, or sales, but to an unspecified number of sales made at unspecified times and places. No evidence as to the nature of the improvements or the condition of such improvements on any of the property referred to was introduced, nor was any key furnished by which the jury could have made a comparison of the properties. "On a question in regard to the value of land sought to be condemned, it is competent to introduce evidence of sales of property similar to that in question, made at or near the time of the taking. The exact limit either of similarity or difference or of nearness or remoteness in point of time is difficult, if not impossible, to prescribe

by any arbitrary rule, but must to a large extent depend on the location and the character of the property and the circumstances of the case. It is to be considered with reference to throwing light on the issue, and not as a mere method of raising a legal puzzle." *Flemister* v. *Central Ga. Power Co.*, 140 *Ga.* 511, 515 (79 S. E. 148).

An examination of the cases which have applied the above stated rule, both in approving the admission of such evidence and in approving its exclusion leads to the inescapable conclusion that the rule thus formulated was intended to permit the introduction of evidence of particular sales, after such evidence had been qualified by the introduction of evidence as to the similarity of the particular property thus referred to and sought to be compared with the property being condemned or taken. See, for example, *City of Columbus* v. *McDaniel*, 117 *Ga.* 823 (2) (45 S. E. 59); *Vann* v. *State Highway Dept.*, 95 *Ga. App.* 243, 244 (97 S. E. 2d 550); *West* v. *Fulton County*, 95 *Ga. App.* 320 (97 S. E. 2d 785); *Aycock* v. *Fulton County*, 95 *Ga. App.* 541, 542 (98 S. E. 2d 133). After the introduction of such preliminary evidence as to similarity, the trial judge must make a determination as to whether such property sought to be compared is sufficiently similar or so nearly like the property being condemned, and whether the particular sale of such comparable property was made under circumstances as to time and manner of sale as to be truly illustrative of the value of the property being condemned. The trial judge having thus made the preliminary determination and exercised his discretion in admitting the evidence, the jury may then be permitted to use such evidence as it sees fit as an aid in arriving at the value of the property being condemned.

In this case, however, no evidence was introduced as to any particular sale, but the evidence objected to as complained of in the first special ground of the motion for a new trial was, as previously stated, a broad, general conclusion on the part of the witness as to the average price per square foot paid for unspecified parcels of property with undescribed and undefined improvements thereon. There was no key furnished by which the trial judge could have exercised his discretion in determin-

ing whether such evidence had any probative value as illustrating the value of the property being condemned, and it was too vague and general to illustrate any question for the jury. It was so vague and general that the condemnor was at an unfair disadvantage in rebutting it, and for this reason it probably harmfully influenced the size of the verdict. The objection as set forth in this ground of the motion for a new trial was sufficient to present to the trial judge the admissibility of this evidence, and the trial court erred in overruling this ground of the motion.

■ The court charged the jury as follows: "Lady and gentlemen, the court charges you that value is a matter of opinion, and may be proven by circumstances. The market value of property is the price which the property will bring in a fair market when offered for sale for cash by one desiring and willing, but not required to sell, and when purchased by one desiring to own, but under no necessity of having the property offered.

"Gentlemen, in this connection, the court charges you that while the owner of the property taken in this case is not entitled to recover damages for loss of profits as such, the jury may consider the profits of the property, if there be any, as a circumstance in aiding them *to reach a figure to be found* as a *fair and reasonable value of the property to the owner.*

"The provision of the law as to compensation for property taken is that just and adequate compensation does not necessarily restrict the owner's recovery to market value. Under the law, the owner is entitled to just and adequate compensation for his property. *You may consider, in determining this question, the value of the property to the owner, not necessarily its value to the county.*

"I charge you, gentlemen, that where property is taken from a person under condemnation proceedings, the person from whom the property is thus taken is entitled to be paid just and adequate compensation for his property taken. In this case, Mr. Cox, the defendant, is entitled to be paid by the plaintiff—that is Fulton County—just and adequate compensation for the property which has been taken from him, as shown by the evidence in this case.

"I charge you, gentlemen, where the property of the defendant W. R. Cox has been taken by Fulton County, as shown by the

evidence in this case, in estimating the value of the property that has been taken for the public use, it is the market value of the property which is to be considered. The market value of property is the price which it will bring when it is offered for sale by one who desires but is not obligated to sell it, and is bought by one who is under no necessity of having it. In estimating its value, all the capabilities of the property and all the uses to which it may be applied, or for which it is adapted, are to be considered, and not merely the condition it is in at the time, and the use to which it is then applied by the owner. All the facts as to the condition of the property and its surroundings, its improvements and capabilities, may be shown and considered by you, in estimating its value. You may consider all of the varied elements of value, that is, all the facts which Mr. Cox would properly and naturally press upon the attention of the buyer with whom he might be negotiating a sale, and all other facts which would naturally influence a person of ordinary prudence desiring to purchase. In this estimation, Mr. Cox is entitled to have the jury consider all the capabilities of the property as to the business or use, if any, to which it has been devoted, and any and every use to which it may reasonably be adapted or applied; and this rule includes the adaptation and the value of the property for any legitimate purpose or business, even though it has never been so used and Mr. Cox had no present intention to devote it to such use."

The italicized portions of the above quoted charge are excepted to in special grounds 2 and 3 of the motion on the ground that they authorized the jury to consider an incorrect measure of damages in assessing the value of the property taken in that there was nothing unique or unusual about the property, it being utilized by the plaintiff merely as rental property for investment and income purposes, and that the charge thus authorized and permitted the jury to award damages to the owner in any amount that in its whim and fancy it saw fit, without regard to the fair market value of the property. The portions of the charge excepted to when read in their context with the remaining portions of the charge respecting the measure of damages were not subject to the interpretation sought to be placed

on them by this ground of the motion. While it is true that the measure of the condemnee's recovery is the fair market value of the property taken, and that a condemnee can only recover for the value that the property has to him over and above fair market value in such cases where the evidence shows that the property had some unique and special economic value (not merely sentimental) to the condemnee alone (*Elbert County* v. *Brown*, 16 *Ga. App.* 834, 837, 86 S .E. 651; *Georgia Power Co.* v. *Pittman*, 92 *Ga. App.* 673, 675, 89 S. E. 2d 577; *Polk* v. *Fulton County*, 96 *Ga. App.* 733, 736 (4), 101 S. E. 2d 736), the jury could not have been misled by the charge as a whole, and undoubtedly understood from these instructions that the sole question they had to decide was what was the market value of the property sought to be condemned, and that that market value was the price which the property would have brought had it been offered for sale by one desiring to sell it but under no necessity of doing so, and bought by one desirous of buying but who was under no necessity of having it. It follows that the second and third special grounds of the motion do not require the granting of a new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*