40550.   FULTON COUNTY v. ELLIOTT, Executor, et al.

DECIDED MAY 7, 1964—REHEARING DENIED JUNE 1, 1964.

*Harold Sheats, George Gillon, T. Charles Allen,* for plaintiff in error.

*Jones, Bird & Howell, Earle B. May, Jr., Robert L. Foreman, Jr.,* contra.

PANNELL, Judge.   Plaintiff in error brought condemnation proceedings against the defendant in error to condemn for highway purposes 3.48 acres of a total tract of 6.28 acres.   The time of taking was stipulated as August 20, 1962.   The entire tract was zoned R 2 Residential.   The jury, on the appeal from the special master's award, returned a verdict in the amount of $25,000.   The case is now before this court on the assignments of error on the overruling of plaintiff in error's motion for new trial.   Only the special grounds are insisted upon.

■   Ground 3 of the amendment to the motion for new trial complained of the admission of the testimony of one of the witnesses for the condemnee that he had inquired into the consideration of a sale of certain property on Peachtree Dunwoody to the

St. James Methodist Church, and that the consideration was $79,000 net, or $9,875 per acre. This evidence was objected to on the ground that it was too remote both in time and in circumstance to fit the criteria for a comparable sale. This same witness had testified that in his opinion the property was more valuable for church purposes than any other purpose, and that although it was zoned R 2, which was residential, church use was a permissible use and that he had been assured there would be no objection to church use of the property and that there was reasonable probability of securing the necessary permit. There was ample evidence describing in detail the location and nature of the St. James Methodist Church property and the property sought to be condemned. The St. James Methodist Church property was sold on December 20, 1957, and is located approximately two miles from the property condemned. In *Flemister v. Central Ga. Power Co.*, 140 Ga. 511, 515 (6) (79 SE 148), the Supreme Court of this State laid down the rule as to admissibility of evidence of comparable sales: "On a question in regard to the value of land sought to be condemned, it is competent to introduce evidence of sales of property similar to that in question, made at or near the time of the taking. *The exact limit either of similarity or difference or of nearness or remoteness in point of time is difficult, if not impossible, to prescribe by any arbitrary rule, but must to a large extent depend on the location and the character of the property and the circumstances of the case.* It is to be considered with reference to throwing light on the issue, and not as a mere method of raising a legal puzzle. 2 Lewis, Em. Dom. (3d ed.) § 662; *City of Columbus v. McDaniel*, 117 Ga. 823 (45 SE 59)." (Emphasis ours).

As was stated in Stolze v. Manitowoc Terminal Co., 100 Wis. 208 (75 NW 987), "From the very nature of the case, no two pieces of land can be exactly alike. If the similarity is near enough to afford some material assistance to the jury in determining the value of the land in controversy, then such selling prices would seem to be admissible. If, on the contrary, they are so dissimilar as to mislead or prejudice the jury, then they are inadmissible. . . 'The limits within which evidence of such sales may be given are very much in the discretion of the trial

court.' Watson v. Milwaukee & M. R. Co., 57 Wis. 332 (15 NW 468)." As far as the physical comparability is concerned, we think the evidence was well within the realm of comparability. The next problem is the question of time. The witness testified that there was very little difference in value of the property for church purposes between 1957 and the time of trial. The distance of two miles separating the respective properties is not such distance as would require this court to say that the properties, as a matter of law, were not comparable. See *Georgia Power Co. v. Walker,* 101 Ga. App. 454, 456 (2) (114 SE2d 159, 80 ALR2d 1264). Under these circumstances, we cannot say that the trial court abused its discretion in admitting the evidence objected to.

Nothing to the contrary was ruled in *Aycock v. Fulton County,* 95 Ga. App. 541 (98 SE2d 133) where this court, on page 543, said: "While the general rule is that the question of admissibility of evidence relative to the purchase price of similar real estate in reasonably close proximity to that condemned is addressed to the discretion of the trial judge, evidence as to the sale price of real estate in no particular similar or comparable to the property condemned is utterly irrelevant and should be excluded." In *Fulton County v. Cox,* 99 Ga. App. 743, 745 (109 SE2d 849), there was no evidence of comparability, and therefore, "there was no key furnished by which the trial judge could have exercised his discretion in determining whether such evidence had any probative value as illustrating the value of the property being condemned, and it was too vague and general to illustrate any question for the jury."

In *Vann v. State Hwy. Dept.,* 95 Ga. App. 243 (97 SE2d 550), this court affirmed the action of the trial court in refusing to permit a witness to testify as to the price paid for other property near that which was being condemned. "The witness testified that he did not know the amount of acreage involved, and therefore did not know the amount per acre that was paid for the property. Since the witness answered the question propounded to show that he did not know the number of acres involved in the sale about which he was being questioned, the price paid for such unknown number of acres would have no bearing on the issue being tried." After holding as quoted, this court then said:

"Moreover, the sale was shown to have taken place several years prior to the trial of the condemnation proceedings and was therefore irrelevant. See *Flemister v. Central Georgia Power Co.,* 140 Ga. 511 (6) (79 SE 148)." The record in that case discloses that there was no testimony showing that values in the different years were comparable, as in the present case. Whether or not the evidence might have been objectionable for other reasons, we do not decide. See *State Hwy. Dept. v. Wilkes,* 106 Ga. App. 634 (2) (127 SE2d 715); *Southwell v. State Hwy. Dept.,* 104 Ga. App. 479 (1) (122 SE2d 131); *Clemones v. Alabama Power Co.,* 107 Ga. App. 489, 492 (2) (130 SE2d 600).

■ Ground 2 excepts to the following charge of the court on the ground that it was erroneous and not sound as an abstract principle of law because it authorized and directed the jury to find that the difference in the market value of land immediately before the taking and the value of said tract immediately after the taking was the value of the land actually taken, when, in fact, the difference in the value of the land immediately prior to the taking and the value of the land immediately after the taking represents the value of the land actually taken plus any consequential damages to the remaining property not taken. The charge complained of is: "Now, the compensation which the defendants are entitled to for the land actually taken by Fulton County is the value of the land taken. To determine this value, you should first determine from the evidence, if the evidence discloses it, what the market value was of the whole tract owned by the defendants before the land was taken from them. Then you would determine from the evidence, if the evidence discloses it, what the market value was of the defendants' tract after the land had been taken from it for highway purposes, that is, the value of that portion of the tract remaining to the defendants after the land was taken. Now, the difference, if any, between the value of the tract as a whole before the land was taken from it, and the value of the tract remaining after the land was taken, would represent the value of the land actually taken."

In our opinion, this charge was error requiring the grant of a new trial. *Georgia Power Co. v. Pharr,* 97 Ga. App. 223 (2)

(102 SE2d 658); *Fulton County v. Power*, 109 Ga. App. 783. The defendant in error insists that the present case is controlled by an older case (*State Hwy. Bd. v. Bridges*, 60 Ga. App. 240 (2), 3 SE2d 907), in which the court suggests a charge to be given in condemnation cases. In the *Pharr* case the charge was almost identical with the suggested charge in the *Bridges* case. In the *Bridges* case, a narrow strip of the condemnee's land was taken and apparently some difficulty in charging the jury was involved in this case because of the fact that no "market value" could be attributed to a small narrow strip. This court, under the circumstances, suggested the following as a proper charge: "We think the most satisfactory rule for determining damages in a case such as this, and the one which would probably be most easily understood by the jury, would be to charge, first, that the measure of damages for the part of the lot actually taken by the highway department is the difference between the "market value" of the whole lot just before the taking and the "market value" of the whole lot immediately after the taking; and second, that the measure of consequential damages, if any, for the part of the lot not taken, where there are either benefits or damages involved, or both, is the difference between the greatest "market value" of the land not taken before the strip is taken off and the improvements (benefits) made, less the "market value" of the remainder of the land after the strip of land is taken off and improvements made. Of course, if the market value of the residue of the land is less before than after the improvements, there should be no recovery; that is, if the "market value" of the residue before the improvements is equal to or less than the "market value" of the residue after the improvements, there can be no recovery for consequential damages to the residue. But if the "market value" of the residue before the improvements is greater than the "market value" of the residue after the improvements, there should be a recovery, and the amount thereof is the difference between the "market value" of the residue before and after the taking. Nevertheless, the owner of the land actually taken is entitled, irrespective of any damages or benefits to the residue, to the actual value of the land taken."

Even though the suggested charge in the *Bridges* case is obvi-

ously obiter dictum, we are, under the circumstances, confronted with the necessity of construing that charge. It will be noted that the charge directs the jury "first" to determine the difference in the "market value" of the whole lot *just before* the taking and the "market value" of the whole lot *immediately after* the taking; and in immediate connection therewith directs the jury's attention to the *second element* of damages, that is, the consequential damages, if any. In the first portion of this charge, that is, as to the value of the property taken; the court limited the finding to the difference *just before* and *just after* the taking, which apparently was intended to exclude by necessity consequential damages *resulting from the improvements to be made* sometime after the taking. The fact that the two elements of damages are charged not only in juxtaposition, but as the *first and second* elements of the damages to be assessed, lends substance to this construction; however, this does not necessarily mean that the suggested charge is correct as an abstract principle of law.

Consequential damages may accrue to the property not taken arising out of the severance therefrom of the property taken, without regard to later consequential damages or benefits because of the improvements to be subsequently placed upon the severed portion, and these consequential damages occurring at the time of severance may be lessened or entirely dissipated by the consequential benefits of the proposed improvement. The charge in the *Bridges* case and the case at bar ignores these factors and permits a jury to consider the consequential damages occurring by the severance only as a part of the damage for the property taken. While the *Pharr* case was one involving an easement as distinguished from the taking of the fee, this does not eliminate or change the construction of the charge insofar as it permits the recovery of consequential damage as a part of the damage for the property taken. We conclude, therefore, that the charge complained of in the present case was error requiring the grant of a new trial.

██ Headnotes 3 and 4 require no elaboration.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*