### 22594. ELLIOTT, Executor, et al. v. FULTON COUNTY.

ARGUED OCTOBER 13, 1964—DECIDED NOVEMBER 5, 1964.

*Jones, Bird & Howell, Earle B. May, Jr., Robert L. Foreman, Jr.,* for plaintiffs in error.

*T. Charles Allen, Harold Sheats, George Gillon,* contra.

DUCKWORTH, Chief Justice. The excerpt from the charge which the Court of Appeals held to be reversible error instructed the jury that to determine the value of the land taken they should first find the value of the entire tract, then the value of what remained after the taking, and the whole value less the value of the remainder would represent the value of the land taken. Thus a construction of that excerpt will determine if that court erred. This requires an examination of both the excerpt and the relevant portions of the entire charge. It is never permissible to mutilate an entire charge by lifting there-

from an excerpt and construe it independently of other portions of the same charge. *Fletcher v. State,* 90 Ga. 468, 470 (17 SE 100); *Norman v. Georgia Loan Co.,* 92 Ga. 295 (18 SE 27); *Suple v. State,* 133 Ga. 601 (1) (66 SE 919); *Central of Ga. R. Co. v. Cole,* 135 Ga. 72 (2) (68 SE 804); *City Council of Augusta v. Tharpe,* 113 Ga. 152 (2) (38 SE 389); *Cooper v. State,* 212 Ga. 367 (92 SE2d 864). The first sentence of the excerpt here involved plainly states the compensation which the owners are entitled to for the *land actually taken* is the *value of the land taken.* In this manner the remainder of the excerpt is twice restricted to a finding of the value of the *land taken.* With the jury's finding thus limited to the *value of the land taken,* it proceeds to instruct them how to determine this single question as follows: "To determine this value (value of the land taken), if the evidence discloses it, what the market value was of the whole tract owned by the defendants before the land was taken from them. Then you would determine from the evidence, if the evidence discloses it, what the market value was of the defendants' tract after the land had been taken from it for highway purposes, that is, the value of that portion of the tract remaining to the defendants after the land was taken. Now, the difference, if any, between the value of the tract as a whole before the land was taken from it, and the value of the tract remaining after the land was taken, would represent *the value of the land actually taken.*" (Italics ours). With the jury thus directed to find only the value of the land taken, and no mention of consequential damages, which is fully discussed in the immediately following paragraph of the charge, they could have determined consequential damages under the excerpt complained of only by totally disregarding the instructions plainly given. But had any juror been inclined to find consequential damages thereunder, he would have clearly seen that he was required by the charge following it to determine such damages under the charge so following and not this excerpt. In that portion following it, the charge instructed the jury that having found the value of the land taken they should determine if there were consequential damages, and if so, fix the amount thereof. It defined such damages as being damages that would naturally flow and

proximately arise to the remainder of the owner's property from the *taking and use,* including its maintenance and operation. The charge said this was a second element for which the jury should, if the evidence authorized it, find for the owners. For the jury to lump value of land taken and damages resulting to the land not taken under the charge excepted to would have required them to deliberately disregard the charge on consequential damages as well as the express restriction in the excerpt to find only the value of the land taken and also the instruction that finding the value of land taken was item one of their duty, and finding value of consequential damages was item two of their duty.

There were 6.28 acres in the whole tract, and 3.48 acres were taken therefrom. The condemnor's witness, Otwell, testified that the fair market value of the whole tract of 6.28 acres on August 20, 1964, the day of taking, was $22,000, and this witness testified that at that time, which was before the land had been touched by the condemnor, the remaining land *as a part of the whole* was worth $8,400. When asked how he arrived at a value of $8,400, he explained, "the most valuable property is facing Mount Paran Road. That part that faces east on 41, in my opinion is worth considerably less. . ." The foregoing testimony shows that the respective values of the whole tract and of the remainder were made as it stood before it had been touched by the condemnor, and consequently, there were at that time no consequential damages. Having done this, then this witness proceeded to fix the amount of consequential damages that would naturally result from the taking, use, etc., at $1,400. Witnesses for the owners arrived at values in a similar fashion. The charge simply directed the jury to make its finding in the same way, stressing repeatedly that the two items of value of land taken and consequential damages were separate and should be determined separately by the jury. The charge excepted to is a correct one, could not have been reasonably misunderstood by the jury, and the Court of Appeals erred in ruling that the charge was erroneous and in reversing the trial court thereon. That court manifestly based its ruling on *Georgia Power Co. v. Pharr,* 97 Ga. App. 223 (102 SE2d 658), and *Fulton County v. Power,* 109 Ga. App. 783 (137 SE2d 474), which had just been decided,

and which in turn was based upon the *Pharr* case. The *Pharr* case involved the condemnation of an easement, which did not take the fee, but simply a servitude, which left the fee in the owner. The charge there was in all material respects what is excepted to here, and that court said that instead of finding the value of the whole tract before and after the taking as the charge directed, the charge should have been to find "the difference between the market value before and after the condemnation, not of the whole tract, but only that portion within the right of way." That case might be distinguishable in that the whole tract there remained the land of the owner, and the only thing taken was a right to diminish the value by imposing a servitude, whereas, in the instant case, the land was taken in fee, and the owners no longer had any interest therein to be damaged. But to the extent that the *Pharr* case in any manner might conflict with what we rule in this case it is disapproved.

In *State Highway Board v. Bridges*, 60 Ga. App. 240 (3 SE2d 907), which was a taking in fee, that court formulated a procedure in determining values identical with the charge here involved. In the present case the Court of Appeals said it was obiter dicta, which is debatable, but even so, it was published, and is a correct rule which was followed by the trial judge and could have been adhered to in this case.

For the foregoing reasons the judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur.*