## 41445. STATE HIGHWAY DEPARTMENT v. THOMPSON.

ARGUED SEPTEMBER 7, 1965—DECIDED SEPTEMBER 20, 1965—
REHEARING DENIED OCTOBER 20, 1965.

*Arthur K. Bolton, Attorney General, R. L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Deputy Assistant Attorney General, John T. Minor, III,* for plaintiff in error.

*Mitchell & Mitchell, Warren N. Coppedge, Jr.,* contra.

DEEN, Judge. In this condemnation case the State Highway Department took 6.944 acres of land from a 75-acre tract, splitting the tract of land and depriving a part of it of its former road access. The assignments of error are directed to the italicized portion of the following instructions: "There are two kinds of damages involved in this case. One is direct or actual damages, and that is damages that result directly from the taking of the defendant's land. The State has taken the defendant's land for use as a road, and the State must pay him for that land the fair market value thereof at the time of the taking. *The measure of damages for the part of the defendant's land actually taken is the difference between the market value of the whole tract just before the taking and immediately after the taking of the same by the State.* The other kind of damages that you are concerned with is what the law denotes as consequential damages, if you find the defendant has sustained such damages to the remaining lands not taken that may result from the taking of that portion of the defendant's land taken by the State and the locating of the road upon it. *I charge you that the measure of damages to be used by you in determining consequential damages, if any, is the diminution or lessening in the market value of the remainder of the defendant's property, proximately arising from the taking of the part taken, and the*

*devoting of it to the purposes for which it was condemned in the usual and ordinary way. And this is determined, where there are either or both benefits and damages, by taking the difference between the greater market value of the land not taken before the land condemned is taken off, and deducting therefrom the market value of this remainder after land is taken off and improvement made."*

The portions of the charge objected to are taken from *State Highway Board v. Bridges,* 60 Ga. App. 240 (2) (3 SE2d 907) as follows: "We think the most satisfactory rule for determining damages in a case such as this, and the one which would probably be most easily understood by the jury, would be to charge, first, that the measure of damages for the part of the lot actually taken by the highway department is the difference between the 'market value' of the whole lot just before the taking and the 'market value' of the whole lot immediately after the taking; and second, that the measure of consequential damages, if any, for the part of the lot not taken, where there are either benefits or damages involved, or both, is the difference between the greatest 'market value' of the land not taken before the strip is taken off and the improvements (benefits) made, less the 'market value' of the remainder of the land after the strip of land is taken off and improvements made." In *Elliott v. Fulton County,* 220 Ga. 377, 381 (139 SE2d 312) the Supreme Court, holding that this court erred in not approving the court's charge in that case which it considered to be identical with the charge in *Bridges,* and therefore substantially identical with the instructions here objected to, held: "In *State Highway Board v. Bridges,* 60 Ga. App. 240 (3 SE2d 907), which was a taking in fee, that court [the Court of Appeals] formulated a procedure in determining values identical with the charge here involved. In the present case the Court of Appeals said it was obiter dicta, which is debatable, but even so, it was published, and is a correct rule which was followed by the trial judge and could have been adhered to in this case." *Bridges* was considered also in *Civils v. Fulton County,* 108 Ga. App. 793, 796 (134 SE2d 453), where the court stated: ". . . the ruling here is in complete harmony with the one there. The just and adequate

compensation required to be paid by the condemnor for the *property taken* means for all of it taken from the one owner in the one condemnation proceeding. The whole includes all of its parts." See also the discussion of *Bridges,* supra, in *Georgia Power Co. v. Pittman,* 92 Ga. App. 673, 675 (89 SE2d 577) and *Vann v. State Highway Dept.,* 95 Ga. App. 243, 244 (97 SE2d 550). From all of these we may reach the conclusion that just and adequate compensation, in the first instance, means the value of the *property taken,* and that at least one, if not the better, way to determine such compensation is by using a measure of damages which informs the jury to find the difference in pecuniary value of the whole tract immediately before and immediately after the taking, to which should be added in a proper case the loss of value inherent in the land remaining to the owner, as to which the measure of damages is "the difference between the greatest market value of the land not taken before the strip is taken off and the improvements made, less the market value of the remainder of the land after the strip of land is taken off and improvements made." Such a measure of damages is proper, and it is correctly given in charge where, as here, a majority of the witnesses who testified on the subject of value followed this formula and stated what, in their opinion, was the market value of the land before and after the taking, after which they testified to the consequential damages as represented by the difference in value of the remaining separated tracts of land resulting from the taking of a strip running through the center. Nor did the instruction, as contended in the second special ground, constitute the expression of an opinion on the part of the trial court that the tract had as a matter of fact suffered consequential damages. The instructions complained of were without error.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*

On Motion for Rehearing.

The motion to rehear directs itself to the use of one word only, the word "greater" in the following excerpt in the case sub judice from the charge: "The measure of damages to be

used by you in determining consequential damages, if any, is the diminution or lessening in the market value of the remainder of the defendant's property, proximately arising from the taking of the part taken, and the devoting of it to the purposes for which it was condemned in the usual and ordinary way. And this is determined, where there are either or both benefits and damages, by taking the difference between the *greater* market value of the land not taken before the land condemned is taken off, and deducting therefrom the market value of this remainder after land is taken off and improvement made."

The instruction was taken from *Bridges*, supra, where this court held: ". . . the measure of consequential damages, if any, for the part of the lot not taken, where there are either benefits or damages involved, or both, is the difference between the *greatest* 'market value' of the land not taken before the strip is taken off and the improvements (benefits) made, less the market value of the remainder of the land after the strip of land is taken off and improvements made."

The word "greater" is not floating in a vacuum. In the sentence attacked we are first instructed to *take the difference between* two specified values: the *greater value* of the land remaining to the owner while the land being condemned is still attached to it, and the *value of such remainder after* the land is condemned. In the same sentence we are again told to *deduct from* the greater value before the taking the lesser value after the land was taken. Obviously, if the land remaining in the owner is not of greater value when attached to the piece condemned than its value after such parcel is removed, there are no consequential damages. We must always subtract, or as the instruction says, take the *difference between*, the two values, and we must always *deduct from* the greater value before taking the lesser value after taking. If the value of the residue before is not greater than the value of the residue after, it will either be equal to it, in which case there are no consequential damages, or it will be less than the other figure, in which case there are consequential benefits. There may be both consequential benefits and damages, but unless after they are subtracted from each other the value of the residue before is *greater*, there are still no consequential

damages. This is all the court said and all the jury could have gotten out of this portion of the charge. They had just been told that "consequential damages . . . is the *diminution* or *lessening* of the value," to be determined, where the jury found such existed, by taking the *difference between* the *greater* sum, and *deducting therefrom* the other figure. It is no more logical in such a case to say that "greater" refers to the testimony of unspecified witnesses than to say that the words *diminution, lessening in market value, difference between,* and *deducting therefrom* refer to some subject matter other than what the court was talking about.

The instruction is better than the one in the *Bridges* case to the extent that in the headnote *Bridges* uses the word "greatest" instead of "greater." On page 245 of the opinion, however, the word "greater" is twice found.

This sentence immediately follows the sentence dealt with in the main opinion, now conceded to be correct by the plaintiff in error, which dealt with damages for the part taken, and the two sentences were together a suggested charge on the subject by the Court of Appeals to be used in the future by trial courts. The two together make a homogeneous whole. In *Fulton County v. Elliott,* 109 Ga. App. 775 (137 SE2d 477) the Court of Appeals attempted to back off from its former position that these two sentences comprised the perfect charge on damages where taking of a part of a tract in fee was involved, and held, with special reference to the first sentence, that the instruction authorized double damages insofar as consequential damages were concerned. The Supreme Court reversed in 220 Ga. 377 and held, as to the model instruction formulated in *Bridges:* "In *State Highway Board v. Bridges,* 60 Ga. App. 240 (3 SE2d 907), which was a taking in fee, that court formulated a procedure in determining values identical with the charge here involved. In the present case the Court of Appeals said it was obiter dicta, which is debatable, but even so, it was published and *is a correct rule* which was followed by the trial judge and could have been adhered to in this case." (Emphasis added).

The only objection which has been found for the use of the word "greater" (a single word in a charge containing some 3,000

words!) is that it *might* have been misconstrued by the jury to mean the jury should accept only the greatest amount shown by the testimony to be the value of the land, and disregard the other testimony on the subject, rather than, as it was obviously meant, that the greater value of the tract before the taking must have the lesser value after the taking subtracted from it in order to find the amount of damages. This is strained construction not fitting with the context of the charge. Indubitably, it would be impossible to adopt such a construction of the language without overruling *Bridges,* which this court declines to do.

*Motion for rehearing denied.*