## 42070. STATE HIGHWAY DEPARTMENT v. THOMASON et al.

JORDAN, Judge. The State Highway Department filed its petition in the Superior Court of Whitfield County to condemn 0.491 acres of land. Assessors were appointed and on October 15, 1962, an award of $27,500 was entered. Judgment was entered on the same date declaring the 0.491 acres of land to be condemned in fee simple upon payment of the award which was duly paid into court and later disbursed to the condemnees by order of court dated October 27, 1962. Within the time provided by law both the State Highway Department as condemnor and James E. Thomason as condemnee filed appeals to a jury in the superior court and on March 10, 1966, the appeals proceeded to trial. At the conclusion of the case for the condemnor, the trial court entered the following order on March 11, 1966, from which this appeal is taken: "The State Highway Department of Georgia having failed to carry the burden of proof in this case, it is the order and judgment of this court that a nonsuit be granted and the judgment heretofore entered which took the property described in this case is hereby set aside." *Held:*

It is clear under the decision of the Supreme Court in *State Hwy. Dept. v. Noble,* 220 Ga. 410 (139 SE2d 318), that the trial court did not have authority to enter a judgment of nonsuit against the condemnor in its appeal from the assessors' award and to vacate the original judgment of condemnation of October 15, 1962. The judgment of condemnation placing fee simple title in the condemnor, being unappealed from and unreversed, had become final, the timely appeals by both condemnor and condemnee going only to the amount of the award made by the assessors.

It is equally clear that even if a judgment of nonsuit could be entered in a proceeding of this nature, such judgment was unauthorized here since the State Highway Department clearly carried its burden of presenting competent evidence of just and adequate compensation by introducing the testimony of an expert witness showing the value of the whole tract and then the value of the land remaining as of the day of taking and further showing that there were no consequential damages not offset by consequential benefits. *Elliott v. Fulton County,*

220 Ga. 377 (139 SE2d 312) ; *State Hwy. Dept. v. Thompson,* 112 Ga. App. 488 (145 SE2d 784).
*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED JUNE 9, 1966—DECIDED JUNE 28, 1966—
REHEARING DENIED JULY 26, 1966—

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Deputy Assistant Attorney General,* for appellant.

*Mitchell & Mitchell, Warren N. Coppedge, Jr.,* for appellees.