36376, 36387. DOUGHERTY COUNTY *v.* HORNSBY; and *vice versa*.

DECIDED NOVEMBER 16, 1956—REHEARING DENIED NOVEMBER 28, 1956.

694

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, J. W. Smith, Deputy Assistant Attorney-General,* for plaintiff in error.

*H. G. Rawls, R. B. Williamson,* contra.

GARDNER, P. J. Counsel for both parties rely mainly on the same Code sections and the same decisions. However, the application of the law as applied to the allegations of the facts are viewed differently by counsel for each party. Counsel for the defendant contended that the allegations of the petition do not allege facts sufficient to entitle the plaintiff to recover. We have read all decisions cited by the parties. We are unable to conclude, from the allegations of the petition and the numerous decisions rendered by the Supreme Court and this court regarding the question before us, that the trial court committed reversible error in overruling the demurrers to the petition. It is not a question of a continuing nuisance, under the petition. The true rule is that the taking of property for public purposes cannot be done under our Constitution without first having paid adequate and just compensation therefor. We call attention to only a few of the decisions. See *Austin* v. *Augusta Terminal Ry. Co.*, 108 *Ga.* 671 (34 S. E. 852, 47 L. R. A. 755) and *Barham* v. *Grant*, 185 *Ga.* 601 (196 S. E. 43). In *Dougherty County* v. *Long*, 93 *Ga. App.* 212 (91 S. E. 2d 198) this court said: "The petition states a cause of action for damages for cutting off access from the street on which plaintiff's lot abuts, the lot being within a block from the obstruction. The exact question was ruled on in *Felton* v. *State Highway Board*, 47 *Ga. App.* 615 (171 S. E. 198). All of the arguments urged by the plaintiff in error are answered in that case and it is not necessary to repeat them." In *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (1) (140 S. E. 763), Presiding Judge Jenkins, speaking for the court, said: "Under the Constitution of the State of Georgia, 'private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid.' Civil Code (1910), § 6388. Accordingly, if property is damaged, even by the prudent and proper exercise of a power conferred by statute, the owner is entitled to just compensation in an amount represented by the difference between the market value of the property before and after the procedure taken for public purposes."

By virtue of the above authorities (and there are many others to the same effect), the court did not err in overruling the demurrers, both general and special, to the plaintiff's petition as amended, and submitting to a jury the question of the differ-

ence in the market value of the plaintiff's property before and after the alleged damage.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. Townsend and Carlisle, JJ., concur.*