19605. DOUGHERTY COUNTY *v.* HORNSBY.

MOBLEY, Justice. 1. This case is here upon the grant of a petition for certiorari to the Court of Appeals (*Dougherty County* v. *Hornsby*, 94 *Ga. App.* 689, 96 S. E. 2d 326), that court having affirmed the judgment of the trial court overruling general and special demurrers to the petition as amended. The petition as amended and the demurrers thereto are set out in full in the opinion of the Court of Appeals. The petition alleges that the petitioner is the owner of certain property fronting 405 feet along the north border of U.S. Highway No. 82 immediately west of where said highway intersects the Albany-Cordele Highway in Dougherty County; and that he operates

upon said premises a drive-in restaurant and trailer court, both of which are largely dependent upon trade from traffic on U. S. Highway No. 82. The petition charges that: "On or about July 15, 1955, the defendant herein had completed the installation of certain concrete curbing of the approximate height of eight (8) inches, along the side of said highway immediately in front of and adjacent to the south side of petitioner's property," which he alleges was "unnecessary for the efficient use of the highway by the public, greatly impairs the ingress and egress to petitioner's property and thereby greatly depreciates its market value, all in violation of article I, section III of the Constitution of the State of Georgia, as embodied in Code section (1933) 2-301, in that petitioner's property has been damaged for public purposes without just and adequate compensation being first paid." He further alleges that this interference with the ingress and egress to his property resulted in a depreciation of $17,500 in the value thereof, the difference in the alleged value before and after the construction of the curb. While in paragraph 7 of the petition it is alleged that the highway constructed in front of his property provides for four-lane traffic, two lanes for east-bound and two for west-bound traffic, and that said lanes are separated by a concrete medium strip, which requires east-bound traffic desiring to enter his premises to proceed approximately fifty yards beyond his place of business, make a U-turn at the intersection, and then come back that distance in the west-bound lane to his driveway on his property—it is not alleged that the defendant constructed said highway, or had anything to do with it. It is not alleged when said highway was built, whether originally as a four-lane highway or whether it had been changed from two lanes to four, and if so, by whom, or when the medium strip was built, or by whom it was built; and, as stated, the petition does not allege that the defendant is in any way responsible for the condition complained of. In paragraph 8 the petitioner alleges that the concrete curbing along the width of his property has only three driveway entrances approximately 20 feet in width and that any traffic entering his premises is hampered and deterred because of the insufficient width and the faulty construction, which creates a depression in the driveway causing the bottom of cars to scrape in going in and out of the driveway; but he does not allege when the driveway entrances

were built, who built them, or that the defendant is in any way responsible for their construction. In view of the fact that the petition fails to allege that the defendant constructed the medium strip, the four-lane highway, or the driveway entrances to his property, or is in any wise responsible therefor, a cause of action is not alleged against the defendant for any damages resulting from their construction.

Code (Ann.) § 2-301 provides: "Private property shall not be taken or damaged, for public purposes, without just and adequate compensation being first paid." "Accordingly, if property is damaged, even by the prudent and proper exercise of a power conferred by statute, the owner is entitled to just compensation in an amount represented by the difference between the market value of the property before and after the procedure taken for public purposes." *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (1) (140 S. E. 763); *Smith* v. *Floyd County*, 85 *Ga.* 420 (11 S. E. 850); *Hurt* v. *City of Atlanta*, 100 *Ga.* 274, 281 (28 S. E. 65); *Barfield* v. *Macon County*, 109 *Ga.* 386, 388 (34 S. E. 596); *Howard* v. *County of Bibb*, 127 *Ga.* 291, 293 (56 S. E. 418); *Towaliga Falls Power Co.* v. *Sims*, 6 *Ga. App.* 749, 753 (65 S. E. 844). "Owners of land abutting upon a highway have the right to use and enjoy the highway in common with other members of the public; and in addition they have an easement of access to their land abutting upon the highway, arising from the ownership of such land contiguous to the highway, which easement of access does not belong to the public generally, and which exists regardless of whether the fee of the highway is in said owners or not. (a) This easement 'includes the right of ingress, egress, and regress, a right of way from a locus a quo to the locus ad quem, and from the latter forth to any other spot to which the party may lawfully go, or back to the locus a quo.' . . This easement of access is a property right, of which the landowner can not be deprived upon the ground that the safety of the public traveling upon the highway may be endangered by the exercise of this easement by the abutting landowner, without just and adequate compensation being first paid to the owner. Under its power and discretion in the location, construction, and maintenance of State-aid roads, the State Highway Board can not deprive the owners of land abutting thereon of their easement of access, without first paying

to such owners just and adequate compensation therefor." *State Highway Board* v. *Baxter,* 167 *Ga.* 124 (1, 2) (144 S. E. 796); *Barham* v. *Grant,* 185 *Ga.* 601 (196 S. E. 43); *Howell* v. *Board of Commrs. of Quitman,* 169 *Ga.* 74 (149 S. E. 779). "In all cases, to warrant a recovery it must appear there has been some direct physical disturbance of a right, either public or private, which the plaintiff enjoys in connection with his property, and which gives to it an additional value, and that by reason of such disturbance he has sustained a special damage with respect to his property, in excess of that sustained by the public generally. . . The damages . . . that an individual may recover for injuries to his property need not necessarily be caused by acts amounting to a trespass, or by an actual physical invasion of his real estate; but if his property be depreciated in value by his being deprived of some right of user or enjoyment growing out of and appurtenant to his estate as the direct consequence of the construction and use of any public improvement, his right of action is complete, and he may recover to the extent of the injury sustained. . . Accordingly, it has been held that interfering with access to premises, by impeding or rendering difficult ingress or egress, is such a taking and damaging as entitles the party injured to compensation under a provision for compensation where property is damaged." *Pause* v. *City of Atlanta,* 98 *Ga.* 92, 99 (26 S. E. 489, 58 Am. St. R. 200); *Mayor &c. of Macon* v. *Wing,* 113 *Ga.* 90 (38 S. E. 392); *City of Atlanta* v. *Dinkins,* 46 *Ga. App.* 19 (166 S. E. 429).

Applying the foregoing principles to that portion of the petition which alleged that the defendant had installed certain concrete curbing along the side of the highway adjacent to and in front of petitioner's property which impaired the means of ingress and egress thereto, thereby depreciating its market value and damaging his property for public purposes without just and adequate compensation being first paid—which allegations on demurrer must be taken as true—a cause of action was stated as against general demurrer. The petition failed to allege a cause of action for damages caused by the construction of the driveway entrances or the medium strip. But inasmuch as a cause of action was alleged for a part of the relief sought, it was not error to overrule general demurrers numbered 1 and 2. Inasmuch as a cause of action was alleged for the construc-

tion of the concrete curbing, the general demurrer to paragraph 9 of the petition was properly overruled. The general demurrers to paragraph 7 (which paragraph relates to the medium strip) and paragraph 8 (which relates to the driveway entrances) should have been sustained.

2. The defendant's special demurrer number 6 to paragraph 5, which alleges that the petitioner's drive-in restaurant and trailer court are largely dependent upon trade from traffic on U. S. Highway No. 82, on the ground that said paragraph is irrelevant and immaterial and a conclusion of the pleader, as there is no obligation upon the defendant to supply the petitioner with customers, is without merit. While it is true that there is no obligation upon the defendant to supply the petitioner with customers by furnishing a flow of traffic by his place of business, the defendant is liable for any interference with the right of ingress and egress to the petitioner's property, and this allegation would be material in determining any diminution in the market value of the property by reason of such interference. *City of Atlanta* v. *Atlas Realty Co.*, 17 *Ga. App.* 426 (2) (87 S. E. 698); *Howard* v. *County of Bibb*, 127 *Ga.* 291, supra, and cases there cited. Inasmuch as paragraph 8 was subject to general demurrer, the special demurrer thereto is not considered. The special demurrers to paragraphs 9 and 10 of the petition are without merit.

In accordance with what is held above, the Court of Appeals did not err in affirming the judgment of the trial court which overruled the defendant's general demurrers numbered 1, 2, and 5, and the special demurrers; but it was error to overrule the general demurrers numbered 3 and 4, and the Court of Appeals erred in not so holding.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED FEBRUARY 11, 1957—DECIDED MARCH 13, 1957.

*Eugene Cook, Attorney-General, E. J. Summerour, Paul Miller, Lamar Murdaugh, Assistant Attorneys-General, J. W. Smith, Deputy Assistant Attorney-General,* for plaintiff in error.

*H. Grady Rawls, Robert B. Williamson,* contra.