38309, 38319.   JOHNSON *et al. v.* BURKE COUNTY;
and *vice versa.*

DECIDED JUNE 2, 1960.

*George W. Fryhofer*, for plaintiffs in error.

*Eugene Cook*, Attorney-General, *Paul Miller, Carter Goode*, Assistant Attorneys-General, *R. U. Harden*, contra.

FRANKUM, Judge. Code § 2-301, provides: "Private property shall not be taken or damaged, for public purposes, without just and adequate compensation being first paid." "Accordingly, if property is damaged, even by the prudent and proper exercise of a power conferred by statute, the owner is entitled to just compensation in an amount represented by the difference between the market value of the property before and after the procedure taken for public purposes." *Dougherty County* v. *Hornsby*, 213 *Ga.* 114 (97 S. E. 2d 300), and cases cited therein. The State Highway Board cannot deprive the owners of abutting land

of their easement of *access* without paying to such owners adequate and just compensation therefor. However, as stated in the *Hornsby* case: "In all cases, to warrant a recovery it must appear there has been some direct physical disturbance of a right, either public or private, which the plaintiff enjoys in connection with his property, and which gives to it an additional value, and that by reason of such disturbance he has sustained a special damage with respect to his property, in excess of that sustained by the public generally . . . The damages . . . that an individual may recover for injuries to his property need not necessarily be caused by acts amounting to a trespass, or by an actual physical invasion of his real estate; but if his property be depreciated in value by his being deprived of some right of user or enjoyment growing out of and appurtenant to his estate as the direct consequence of the construction and use of any public improvement, his right of action is complete, and he may recover to the extent of the injury sustained. . . Accordingly, it has been held that interfering with access to premises, by impeding or rendering difficult ingress or egress, is such a taking and damaging as entitles the party injured to compensation under a provision for compensation where property is damaged." Although the owner of land abutting upon a highway has the right to use and enjoy the highway in common with other members of the public and has an easement of access to the land abutting upon the highway, which easement of access does not belong to the public generally and which exists whether or not the fee of the highway is in the landowner or not, "such owner, however, is not entitled, as against the public, to access to his land at all points in the boundary between it and the highway, if entire access has not been cut off, and if he is offered a convenient access to his property and to improvements thereon, and his means of ingress and egress are not substantially interfered with by the public." *State Highway Board* v. *Baxter*, 167 Ga. 124 (144 S. E. 796).

In the instant case it conclusively appears from reference to the diagram, a part of the plaintiffs' petition, that the curb in question is so constructed and situated as not to interfere with the right of the plaintiffs, their customers or others, in the matter of ingress and egress.

The diagram places the plaintiffs' gasoline pumps on a concrete island. The island is immediately adjacent to the new oval concrete curb, and as shown by the diagram, the concrete island is also immediately adjacent to the State highway right-of-way. Before the construction there was not sufficient width between the right-of-way and the eastern side of the plaintiffs' concrete island whereby vehicles such as trucks and automobiles could be serviced without such vehicles being parked upon the State highway right-of-way. It is obvious that prior to the construction of the concrete header curb, no such vehicle could have entered plaintiffs' property from that portion of the State highway right-of-way where the header curb is located without going over the gasoline pumps and the concrete island. Under the ruling announced in the *Hornsby* case, supra, there must be a substantial interference with the rights of ingress or egress. In the instant case the petition, with the attached exhibit, affirmatively shows that there was no substantial interference with the right of access because the particular location of the plaintiffs' gasoline pumps and concrete island prohibited the plaintiffs from using that portion of their property as access to the public highway. The diagram conclusively discloses that the construction of the concrete curb in the highway right-of-way does not involve either a trespass on the plaintiffs' property abutting the highway or any appropriation of the same and it shows no substantial interference with the means of ingress, egress or regress. See *State Highway Dept.* v. *Strickland*, 213 *Ga.* 785 (102 S. E. 2d 3) ; *State Highway Dept.* v. *Strickland*, 214 *Ga.* 467 (105 S. E. 2d 299).

As the petition must be strictly construed against the pleader, the allegations of the petition set forth no facts to show an impairment of the right of access, other than the conclusion that the presence of the concrete header curb was such an impairment which unduly hampered and impeded the plaintiffs' right of access. The plaintiffs fail to show wherein their right of ingress or egress has been impaired. The petition is not aided by the alleged fact that the plaintiffs are unable to service vehicles on the eastern side of the concrete island, because the plaintiffs are not entitled to the use of the State highway right-

of-way for the unauthorized parking of customers' vehicles for service or place for private business (see *Schlesinger* v. *City of Atlanta,* 161 *Ga.* 148, 129 S. E. 861), nor does such fact throw light upon any impairment of ingress or egress, in that such vehicles did not use that portion of property as ingress or egress but only to be serviced. In the *Hornsby* case, supra, which the plaintiffs rely on exclusively, the petition, which is set out in more detail in the Court of Appeals' report (*Dougherty County* v. *Hornsby,* 94 *Ga. App.* 689, 96 S. E. 2d 326), alleges wherein there was an impairment of the right of access and showed a substantial and material injury to ingress to the plaintiffs' property and egress from the property. Also in the instant case the petition does not allege the plaintiffs' means of access before the construction and what substantial limitations, if any, were imposed by such construction. Hence, the petition does not set forth any cause of action, and the trial court did not err in sustaining the general demurrer.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*