## 41574. HOMEYER v. STATE HIGHWAY DEPARTMENT et al.

SUBMITTED OCTOBER 5, 1965—DECIDED OCTOBER 15, 1965.

*Darrell W. MacIntyre, Telford, Wayne & Greer, Joe K. Telford,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, Stark & Stark, Hope Stark,* for appellees.

EBERHARDT, Judge. The facts alleged in this petition are strikingly similar to those in *Johnson v. Burke County,* 101 Ga. App. 747 (115 SE2d 484), except that in that case the header curb was constructed by the Highway Department under the authority of the County Commissioners of Burke County, whereas here it was constructed by the property owner herself.

A diagram of the property attached to this petition shows, as did the one attached in that case, that the header curb had some restrictive effect on free access to the filling station, in that vehicles could not approach it across the curb. But here, as there, it appears from the diagram that customers from either road still have access to the station and its pump island. Widening of the highway does make it appear that a relocation of the station will improve plaintiff's position, and that present access from the two roads can thus be better and more fully utilized. We do not regard the impairment of access by reason of the header curb to be substantial, and for the reasons stated in *Johnson v. Burke County*, and cases there cited, the sustaining of the demurrer was proper.

Additionally, it affirmatively appears from the petition here that if plaintiff's access has been impaired by reason of the construction of the header curb, that is from her act and not that of the county or of the State Highway Department. The curb was constructed by plaintiff on her own land. Though she alleges that this was done in response to a demand from the representatives of the Highway Department that she do so, and under a threat from them to cut off all access to her property if she did not, nothing is alleged that would place her under any duty to construct it, nor are any allegations of fraud or of facts that would support allegations of fraud to be found in the petition. Plaintiff was free to refuse to accede to the demand or to act under any threat. Under the facts pleaded, if plaintiff has suffered any loss by depreciation in the value of her property, it resulted from her own act.

*Judgment affirmed. Nichols, P. J., and Pannell, J., concur.*