A90A1961. WILSON v. VALENTINE.
(404 SE2d 600)

BANKE, Presiding Judge.

The appellee filed this action to recover for personal injuries allegedly sustained when a motor vehicle in which she was riding was struck by another vehicle. Named as defendants are the driver of the vehicle in which the appellee was riding, who is the appellant herein, the driver of the other vehicle, whose name is Rackley, and Rackley's employer. The appellee settled her claims against Rackley and his employer, following which the appellant moved for summary judgment. The case is before us on interlocutory appeal from the denial of that motion.

Although the appellee neither filed a written response to the appellant's motion for summary judgment within the time required by Uniform Superior Court Rule 6.2 nor requested oral argument on the motion, a hearing was nevertheless scheduled; and on the day of the hearing, the appellee filed her own and Rackley's depositions. The trial court's denial of the motion for summary judgment was based on a determination that Rackley's deposition raised a jury issue as to whether the appellant had been negligent. *Held:*

1. The appellant contends that he was entitled to summary judgment based on the appellee's failure to file a written response to the motion within the time required by Rule 6.2. This contention is without merit. "There is no such thing as a 'default summary judgment.' By failing to respond to a motion for summary judgment, a party merely waives his right to present evidence in opposition to the motion. It does not automatically follow that the motion should be granted. 'A motion for summary judgment should not be granted unless it affirmatively appears from the pleadings and the evidence that

the party so moving is entitled to prevail.' [Cits.]" *McGivern v. First Capital Income Prop.*, 188 Ga. App. 716, 717 (373 SE2d 817) (1988).

2. The appellant alternatively contends that the trial court erred in considering Rackley's deposition because it was not timely filed. However, the record does not reflect that the appellant objected to the filing of the deposition or to the trial court's consideration of it in ruling on the motion for summary judgment. Accordingly, this contention provides no ground for reversal. Accord *O'Quinn v. Southeast Radio Corp.*, 190 Ga. App. 608, 610 (1) (380 SE2d 487) (1989).

3. The appellant contends that the evidence established without dispute that the collision was not proximately caused by any negligence on his part. The evidence showed that the appellant was in a left turn lane on Atlanta Road at the time the collision occurred, proceeding towards an intersection at a speed of 10 to 15 miles per hour. He testified that the traffic light at the intersection was green in his direction and that as he was preparing to make his left turn, he was struck on the right passenger door by Rackley, who had just turned left onto Atlanta Road from a side street. The appellant testified that he had observed Rackley edging out onto Atlanta Road and that "[h]e [Rackley] just looked to the right and then pulled out without looking to the left at all." The appellee similarly testified that she did not observe Rackley look to his left before he pulled out onto Atlanta Road and further stated that the appellant had not acted in a negligent manner. However, Rackley maintained that he had in fact looked to his left before pulling out onto the roadway.

" ' "It is generally a question for a fact-finding body to determine questions of negligence and whose negligence and what negligence involved is the sole proximate cause of the injury. It is only where the negligent conduct alleged is susceptible of but one inference that it becomes a question of law for the court to determine." ' [Cits.]" *Lewis v. Duggan*, 184 Ga. App. 563, 565 (362 SE2d 73) (1987). We believe the evidence of record in the present case, including the appellee's own testimony, conclusively negates any allegation that the collision was proximately caused by negligence on the part of the appellant and establishes as a matter of law that Rackley simply drove directly into the appellant's vehicle from a side street. We accordingly hold that the trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 5, 1991 —
REHEARING DENIED MARCH 25, 1991.

*Downey, Cleveland, Parker & Williams, G. Lee Welborn*, for appellant.

*Waln & Miningham, William M. Miningham III*, for appellee.