A95A1695. LEE v. CITY OF ATLANTA.
(464 SE2d 879)

Beasley, Chief Judge.

Condemnee Lee appeals the grant of summary judgment to the City of Atlanta. The City brought a condemnation action to acquire access rights to a parcel owned by Crane abutting Cleveland Avenue in Atlanta. It named Lee as one of the persons "who owns interests in the Property or whose rights are to be taken or affected" and identified his easement. Lee owned both the parcel behind Crane's and a recorded easement providing access to Cleveland Avenue through Crane's property. In another action, the City condemned a right-of-way on property adjoining Lee's property with access to Cleveland Avenue. A special master awarded compensation for the condemnation in this case to Crane but refused to grant Lee an award for his easement. Lee answered and appealed to the superior court in accordance with OCGA § 22-2-112.

The City moved for summary judgment against Lee on March 17, but Lee did not file his response until May 3, 17 days after the 30-day response period provided by USCR 6.2 expired. He moved for an extension of time on May 18. The superior court entered a final order granting summary judgment, basing its decision on its finding that failure to file a timely response within the specified 30-day time period was not a result of excusable neglect.

1. Appellant has not complied with Court of Appeals Rule 27 (c) (3), which simply requires that references be made to the record and transcript at which may be found the support for statements made in the brief. This has necessitated the Court's search, a time-consuming task which duplicates the undocumented work done by the parties. The rule does no more than provide that this information be shared with the Court so that it can devote its attention to resolving the issues, rather than to technical preparations. Parties who neglect or refuse to abide by the Rules of Court risk contempt, dismissal of the appeal, and striking of the brief. Court of Appeals Rule 7. *Soltow v. State,* 182 Ga. App. 716, 718 (1) (356 SE2d 750) (1987) (Beasley, J., concurring specially). With increasing caseloads on this Court, and a

finite amount of time to resolve them and meet the constitutional deadline, it may soon become imperative to invoke these sanctions. We will not do so in this case.

2. Lee first contends, correctly, that the superior court erred as a matter of law by granting a "default" summary judgment. "By failing to respond to a motion for summary judgment, a party merely waives his right to present evidence in opposition to the motion. It does not automatically follow that the motion should be granted. 'A motion for summary judgment should not be granted unless it affirmatively appears from the pleadings and the evidence that the party so moving is entitled to prevail.' [Cits.]" *McGivern v. First Capital Income Properties, Ltd.*, 188 Ga. App. 716, 717 (1) (373 SE2d 817) (1988). See also *Ackerman & Co. v. Lostocco*, 216 Ga. App. 242, 244 (454 SE2d 792) (1995); *Wilson v. Valentine*, 199 Ga. App. 244 (1) (404 SE2d 600) (1991). On an unopposed motion for summary judgment, the court must still determine if, viewed in a light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Although the superior court did not determine whether a condemnation of an easement of access by the City is a compensable taking, it is incumbent on this Court to do so as this is a de novo review. See *Dept. of Transp. v. Taylor*, 264 Ga. 18, 21 (4) (440 SE2d 652) (1994). If a compensable taking has not occurred, summary judgment is appropriate; if a taking has occurred, summary judgment is premature, and the case must be remanded for jury determination of just and adequate compensation. See, e.g., *State Hwy. Dept. v. Thompson*, 112 Ga. App. 488 (145 SE2d 784) (1965). For the reasons set out below, the City was not entitled to summary judgment as a matter of law, based on the record even without appellant's response to the motion.

3. The condemnor City maintains that Lee's easement was not a compensable property interest. This position is directly contrary to its act of condemning, in a separate action, a right-of-way easement on an existing driveway through a tract to the west of appellant Lee's parcel, for which it had to pay. As provided in OCGA § 32-3-1, rights of access are included as property interests which are acquirable by government for transportation purposes.

The condemnor's position in this case is also contrary to law. "An easement is an interest which one person has in the land of another." Restatement of the Law of Property (1944), p. 2902, § 450. See also *Barton v. Gammell*, 143 Ga. App. 291, 293 (238 SE2d 445) (1977), citing 25 AmJur2d 419, Easements & Licenses, § 3. " 'Interest' means any title or nontitle interest other than fee simple title." OCGA § 22-1-1 (1).

"An easement is extinguished by a taking by eminent domain of the servient tenement, or of an interest therein, to the extent to which the taking permits a use inconsistent with the continuance of the use authorized by the easement." Restatement of the Law of Property, p. 3092, § 507. "Upon the extinguishment of an easement by eminent domain, the owner of the easement is entitled to compensation measured by the value of the easement." Restatement of the Law of Property, p. 3095, § 508.

The City correctly cites *MARTA v. Datry*, 235 Ga. 568, 575 (220 SE2d 905) (1975), for the proposition that "[t]he right of access, or easement of access, to a public road is a property right which arises from the ownership of land contiguous to a public road, and the landowner cannot be deprived of this right without just and adequate compensation being first paid." It also points to the principle that "[t]he loss of the right of access to and from the highway abutting those portions of the land which were not taken . . . [is] only an element of consequential damages to the remaining estate." *Klumok v. State Hwy. Dept.*, 119 Ga. App. 505, 507 (167 SE2d 722) (1969). The City incorrectly deduces from these principles that Lee as a non-contiguous property owner is prohibited from being compensated. We clarified this issue in *State Hwy. Dept. v. Price*, 123 Ga. App. 655 (182 SE2d 175) (1971), indicating that *Klumok* and the line of cases following stand only for the proposition that right of access to a new limited access highway does not constitute a separate taking, but is only an element of consequential damages to the remaining property. "These cases do not stand for the proposition that where access easements are specifically condemned, they are only compensable as an element of consequential damages." (Emphasis omitted.) *Price*, supra at 656. Lee's access easement was specifically condemned and his interest thus extinguished. For this, he is entitled to compensation.

Unlike the owners of land contiguous to condemned property in *Exxon Corp. v. Dept. of Transp.*, 202 Ga. App. 43 (413 SE2d 238) (1991), and *Ga. Power Co. v. Bray*, 232 Ga. 558 (207 SE2d 442) (1974), cited by the City, Lee is not requesting consequential damages for loss of value to the parcel of property he owns in fee simple as a result of the taking of Crane's property. Rather, he is claiming compensatory damages for the taking of his own easement.

The City also maintains that Lee's situation is indistinguishable from that of the contiguous landowners in cases such as *Tift County v. Smith*, 219 Ga. 68 (131 SE2d 527) (1963); *Horton v. City of Atlanta*, 116 Ga. App. 350 (157 SE2d 501) (1967) and *State Hwy. Dept. v. Bell*, 113 Ga. App. 768 (149 SE2d 752) (1966). In those cases, the landowners could not recover for inconvenience resulting from the blocking of a public road. Lee seeks recovery for actual loss of a property interest, not mere inconvenience.

4. He further maintains that the superior court erred in that a genuine issue of material fact remains as to what is just and adequate compensation for the extinguishment of his easement. The proper measure of damages would be the difference in the "market value" of the easement immediately before and immediately after the taking. See *State Hwy. Dept. v. Thompson*, 112 Ga. App. 488 (145 SE2d 784) (1965).

Generally, the issue of whether compensation is just and adequate is a jury question, not susceptible to summary judgment. See *State Hwy. Dept. v. Thompson*, supra; *Municipal Elec. Auth. &c. v. Anglin*, 180 Ga. App. 600, 601 (349 SE2d 546) (1986). The burden of proving just and adequate compensation is on the condemnor, *State Hwy. Dept. v. Lumpkin*, 222 Ga. 727 (152 SE2d 557) (1966); *Dawson v. Dept. of Transp.*, 203 Ga. App. 157, 158-159 (2) (416 SE2d 163) (1992), which argues that no money was owed to Lee so it was not compelled to offer proof of value. The City's failure to offer evidence that the easement had no value did not meet its burden.

5. Lee's final enumeration is that the City is not entitled to summary judgment because there is a genuine issue of material fact as to whether the newly condemned right-of-way on property adjacent to his justly and adequately compensates him for the loss of access by way of his easement. This, too, is a question of fact. A jury could decide, for example, that condemning a public right-of-way that provides Lee access is not adequate compensation for the taking of his easement, especially since the new right-of-way is 12 feet wide and runs through a cemetery, while the old easement was 20 feet wide. The City as condemnor was not entitled to impose a unilateral "exchange" on Lee. In addition, there is no indication any actual "exchange" took place. The City acquired the separate right-of-way but nothing in the record indicates that the easement was subsequently conveyed to Lee as an "exchange" for his easement, or that it was dedicated to public use, or even that it was available for Lee's use.

*Judgment reversed and case remanded. Pope, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 1, 1995.

*Glaze, Glaze & Fincher, Steven M. Fincher, William A. Grabbe*, for appellant.
*Clifford E. Hardwick IV, Bruce P. Johnson*, for appellee.