A01A0394. GULLATT v. OMEGA PSI PHI FRATERNITY, INC.

(546 SE2d 927)

ELLINGTON, Judge.

Nathaniel Gullatt sued Omega Psi Phi Fraternity, Inc., David Mickel and Bernard Moore for personal injury. On Omega Psi Phi's motion, the trial court dismissed the action "in its entirety" on the basis that Gullatt's complaint was filed more than two years after the date of injury and was therefore "absolutely barred" by the applicable limitation period. Gullatt appeals, contending he filed his complaint within the time allowed.

1. A motion to dismiss barred claims is properly granted "[w]hen a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible." (Citations and punctuation omitted.) *Cooper v. Commercial Union Ins. Co.*, 192 Ga. App. 815, 816 (1) (386 SE2d 551) (1989); *Bailey v. Kemper Group*, 182 Ga. App. 604, 607 (356 SE2d 695) (1987). Gullatt's complaint alleges that he was injured when he was struck by an automobile on April 1, 1998. Gullatt concedes that Georgia law required him to file his personal injury action "within two years after the right of action accrue[d]." OCGA § 9-3-33. The date two years after April 1, 1998, that is, April 1, 2000, fell on a Saturday. See OCGA § 1-3-1 (d) (3) ("when a period of time measured in . . . years . . . is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted"). When "the last day falls on Saturday or Sunday, the party having [any] privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty." OCGA § 1-3-1 (d) (3). See *Loveless v. Grooms*, 180 Ga. App. 424, 425 (349 SE2d 281) (1986). Gullatt filed his complaint on April 3, 2000, the Monday following April 1, 2000. As a matter of law, Gullatt's complaint was timely filed.

Citing Uniform Superior Court Rule 6.2, Omega Psi Phi contends Gullatt waived his right to contest the dismissal by failing to file a timely response to its motion to dismiss. USCR 6.2 provides "each party opposing a motion shall serve and file a response . . . not later than 30 days after service of the motion." By failing to respond to a motion to dismiss for failure to state a claim, however, "a party merely waives his right to present evidence in opposition to the motion. It does not automatically follow that the motion should be granted." (Citation and punctuation omitted.) *Lee v. City of Atlanta,* 219 Ga. App. 264, 265 (2) (464 SE2d 879) (1995); *Kluge v. Renn,* 226 Ga. App. 898, 900 (3) (487 SE2d 391) (1997). We emphasize that failing to file a written response to a motion a litigant opposes, even to point out the obvious, is certainly ill-advised. Under these circumstances, however, Gullatt was not required to present evidence to defeat Omega Psi Phi's motion to dismiss because the fact that April 3, 2000, was the Monday following April 1, 2000, is not susceptible to contrary proof. See *Thompson v. Cheatham,* 244 Ga. 117, 119 (2) (259 SE2d 62) (1979); *Anglin v. Harris,* 244 Ga. App. 140 (1) (534 SE2d 874) (2000).

Because the face of Gullatt's complaint showed that his action was timely filed, and because the defendants were not entitled to dismissal of the action solely because Gullatt failed to file a written response to Omega Psi Phi's motion to dismiss, the trial court erred in dismissing Gullatt's action on the basis that it was filed more than two years following the date of injury.

2. Gullatt's remaining enumeration of error is rendered moot by our holding in Division 1.

*Judgment reversed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED MARCH 27, 2001.

*Wanda S. Jackson,* for appellant.
*Carey & Dobson, Emerson Carey, Jr.,* for appellee.