## A01A0852. HARPER INVESTMENTS, INC. v. DEPARTMENT OF TRANSPORTATION.
### (554 SE2d 619)

RUFFIN, Judge.

The Georgia Department of Transportation ("DOT") petitioned to condemn 0.031 acres of land ("the property" or "subject property") owned by Harper Investments, Inc. ("Harper") for the purpose of widening a highway. DOT moved for partial summary judgment, arguing that it is not required to compensate Harper for interfering with Harper's right of access to the highway or for revoking Harper's permit to encroach on DOT's right-of-way. The trial court granted DOT's motion, and Harper appeals. For reasons that follow, we affirm in part and reverse in part.

Summary judgment is appropriate where the evidence of record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] On appeal, we review a trial court's grant of summary judgment de novo.[2]

The record shows that the property, which lies on the southwest corner of McManus Road and Thomaston Road in Macon, includes 110 feet of frontage along the south side of Thomaston Road. In 1946, the Bibb County Board of Education owned the property and conveyed a 65-foot-wide strip fronting Thomaston Road to the State Highway Department for a right-of-way.

In 1958, Eddie Johnson purchased the property. According to Johnson, during his ownership, the property "had access to Thomaston Road by a 'horseshoe' driveway." The driveway is depicted on later plans as accessing Thomaston Road in front of neighboring property, turning east through the 65-foot right-of-way in front of the property, and continuing through the right-of-way to its access point with McManus Road.

In 1962 and 1963, Johnson constructed a building on the property to serve as a bait and tackle store and gas station. The building, which is still intact, is situated only 18.7 feet back from the state's right-of-way.

In 1963, the State Highway Department enacted Rules & Regulations for Driveway and Encroachment Control ("1963 Regulations") that contained the following restriction:

MINIMUM SPACE REQUIREMENT BETWEEN RIGHT-OF-WAY AND STRUCTURES. In order to prevent or discourage the hazardous practice of backing vehicles into the

---

[1] OCGA § 9-11-56 (c).
[2] See *Moore v. ECI Mgmt.*, 246 Ga. App. 601 (542 SE2d 115) (2000).

highway or street travel lanes and the less hazardous act of turning vehicles in driveways it is necessary to prohibit a driveway to intersect the right-of-way line at any point opposite a building or other traffic obstacle located less than forty (40) feet from the right-of-way line, such distance being required for turning the average passenger vehicle or for right-angle parking.

Inasmuch as the driveway serving the property intersected the right-of-way in front of the bait and tackle store, it violated the 1963 Regulations.

In 1978, the State Highway Department granted Curtis Ezzell, then the owner of the property, a Temporary Conditional Permit for Commercial Driveway ("1978 Permit"). The 1978 Permit authorized Ezzell to pave the existing driveway and to use a 20-foot right-of-way encroachment where the driveway continued between the property and Thomaston Road. The 1978 Permit also provided that it was binding on all successors in ownership and only granted to such owners the right "to use temporarily a portion or portions of the highway right-of-way in the manner described above in violation of the . . . Rules and Regulations." Plans attached to the permit depict the existing driveway described above.

In 1986, the DOT enacted new Rules & Regulations for Driveway and Encroachment Control, which, like the 1963 Regulations, prohibited the placement of a driveway between the right-of-way and a building where the building is less than 40 feet from the right-of-way.

In 1988, DOT granted the owner of the property, then Garry Veber, a Temporary Conditional Permit for a Commercial Driveway and a Special Encroachment ("1988 Permit"). Plans attached to the 1988 Permit reveal that the permit authorized Veber to continue using the 20-foot right-of-way encroachment and to move the Thomaston Road driveway entrance from its location in front of the neighboring property to the front of the subject property opposite the store. Like the 1978 Permit, the 1988 Permit recognized that the encroachment depicted on the plan "fail[ed] to conform with the Georgia Department of Transportation Rules and Regulations for Driveway and Encroachment Control." Also like the 1978 Permit, the 1988 Permit was "binding upon any and all successors in ownership" and only granted to such owners the right "to use temporarily a portion or portions of the highway right-of-way as shown on the attached plans."

In 1990, Carl Harper purchased the property, and he subsequently conveyed it to Harper Investments, of which he was a majority shareholder. According to Carl Harper, he was aware of the 1988

Permit when he purchased the property and knew that DOT could revoke it at any time.

On April 20, 1993, DOT notified Harper that it was widening Thomaston Road from two to five lanes and that it was therefore revoking the 1988 Permit. The notification letter required Harper to "remove the encroachments allowed under the permit from the right-of-way before June 15, 1993."

After filing the instant petition to condemn a narrow strip of Harper's property that would be used to widen the road, DOT moved for partial summary judgment, asking the trial court to rule that DOT was authorized to revoke the 1988 Permit and that Harper is not entitled to any compensation as a consequence of the revocation. In response, Harper stated that it was not challenging

> DOT's right to rescind the permits allowing Harper and prior owners the right to use the 20′ encroachment. But the temporary conditional use that was legitimately subject to rescission does not include the right of access to the property. Harper retained the right of access to Thomaston Road through the area covered by the permits, and that right cannot be taken or damaged . . . without just compensation.

The trial court found that "the property owners['] use of the right-of-way and direct access to the front of its building off Thomaston Road was permissive." Upon concluding that "[t]he loss of permissive use is not compensable," the court granted DOT's motion. The court also noted that its "Order does not deprive Harper Investments of access to Thomaston Road from a side road (McManus Road) that fronts Thomaston Road. Moreover, this Order does not prohibit Harper Investments from applying to DOT for a permit to get access directly off Thomaston Road."

On appeal, Harper raises several arguments supporting its assertion that DOT must pay for interfering with its access right to Thomaston Road and that this included the right to use the driveway which encroached on DOT's right-of-way. Because we conclude that Harper's right of access and its authority to encroach on the right-of-way are distinct rights, we address them separately.

1. *Right of Access*. It is well established that

> the right of access, or easement of access, to a public road is a property right which arises from the ownership of land contiguous to a public road, and the landowner cannot be deprived of this right without just and adequate compensation being first paid. The easement consists of the right of

egress from and ingress to the abutting public road and from there to the system of public roads.[3]

To be entitled to compensation, it is not necessary that a condemning authority totally cut off a landowner's access to an abutting road because "interfering with access to premises, by impeding or rendering difficult ingress or egress, is such a taking and damaging as entitles the party injured to compensation."[4] Thus, any substantial interference with existing rights of ingress and egress will entitle a landowner to damages.[5]

In this case, each owner of the property abutting Thomaston Road had a right of access to the road. In 1988, Harper's predecessor, Veber, exercised this right by requesting access to Thomaston Road at a specific point. It is clear that Veber was entitled to reasonable access to Thomaston Road, and by granting Veber's request, DOT merely recognized his easement of access.[6] That easement constitutes a property right, and Harper, as Veber's successor, "cannot be deprived of this right without just and adequate compensation being first paid."[7] Although Harper may have alternative access to its property on an abutting street or may be granted alternative access directly to Thomaston Road,[8] such factors go to the amount of damages, if any, due Harper for the "deprivation of one means of access to [its] property."[9] Accordingly, because evidence shows that DOT closed Harper's existing access when it widened Thomaston Road, the trial court erred in granting partial summary judgment to DOT concerning Harper's right to compensation for DOT's interference with Harper's easement of access.[10]

2. *Use of Right-of-Way Encroachment.* Although Harper, as owner of the property, has an easement of access to Thomaston Road, Harper has cited no evidence that its right to maintain a driveway encroaching on DOT's right-of-way was anything more than a mere license. A license "is defined as authority to do a particular act or series of acts on land of another without possessing any estate or

---

[3] (Citations and punctuation omitted.) *Dept. of Transp. v. Whitehead*, 253 Ga. 150, 151-152 (1) (317 SE2d 542) (1984). See also OCGA § 32-3-1 (a) (granting state agency authority to condemn rights of access).

[4] (Punctuation omitted.) *Dougherty County v. Hornsby*, 213 Ga. 114, 117 (1) (97 SE2d 300) (1957).

[5] See *BIK Assoc. v. Troup County*, 236 Ga. App. 734, 735 (1) (513 SE2d 283) (1999).

[6] See *Whitehead*, supra at 151.

[7] (Punctuation omitted.) Id. at 151 (1).

[8] The record does not reveal what, if any, alternative access points DOT has granted Harper along Thomaston Road.

[9] Id. at 152 (1).

[10] See *Lee v. City of Atlanta*, 219 Ga. App. 264, 265-266 (3) (464 SE2d 879) (1995).

interest therein."[11] Although an express oral license may ripen into an easement based on equitable estoppel if the license holder incurs expense pursuant to the grant, as a general rule licenses are revocable at any time.[12]

In this case, it is undisputed that DOT has owned the right-of-way property since 1946, and the DOT permits issued to owners of the property clearly stated that the DOT was only giving permission "to use temporarily a portion . . . of the highway right-of-way." Carl Harper admitted in his deposition that he understood that DOT could revoke the 1988 Permit at any time, and in its response to DOT's motion for summary judgment, Harper likewise acknowledged that it had no right to continued use of the driveway over the right-of-way encroachment. Under these circumstances, it is obvious that the owners of the property had nothing more than a revocable license for the driveway encroachment over DOT's right-of-way, and the trial court correctly ruled that DOT is not required to compensate Harper for revoking this license.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 12, 2001.

*Reynolds & McArthur, Charles M. Cork III*, for appellant.
*Thurbert E. Baker, Attorney General, R. O. Lerer, Senior Assistant Attorney General, Harris & James, William C. Harris, John B. Harris III*, for appellee.

---

[11] (Citations, punctuation and footnote omitted.) *Jekyll Dev. Assoc. v. Glynn County Bd. of Tax Assessors*, 240 Ga. App. 273, 274 (1) (523 SE2d 370) (1999).
[12] See *Jordan v. Coalson*, 235 Ga. 326, 327 (219 SE2d 439) (1975); see also OCGA § 44-9-4; 1 Pindar's Ga. Real Estate Law & Procedure (5th ed. 1998), §§ 8-47; 8-48.