### A08A1517. COBB COUNTY et al. v. ANNOX SELF STORAGE #1, LLC.

(668 SE2d 851)

MIKELL, Judge.

We granted the application for discretionary appeal in this case to review the superior court's ruling that Annox Self Storage #1, LLC ("Annox"), has a right of ingress and egress to and from certain property it owns contiguous to Cumberland Parkway in Cobb County. Because a landowner cannot be deprived of the right of access to a public road without being paid just and adequate compensation,[1] we affirm the grant of partial summary judgment to Annox. In addition, we reject the assertion of appellants, Cobb County and the Cobb County Board of Commissioners ("BOC"; or, collectively, "Cobb County"), that Annox failed to exhaust its administrative remedies. The relevant facts follow.

The Georgia Department of Transportation ("GDOT") filed a declaration of taking against property owned by Motiva Enterprises, LLC ("Motiva"). At that time, Motiva owned and operated a gas station on the property which was situated on the northwest corner of Cumberland Parkway and Paces Ferry Road in Cobb County. Under a consent judgment entered in May 2003, GDOT paid $2,900,800 to Motiva, which deeded all of its interest in the property, and its remaining property, to GDOT. The property was used by GDOT for a road widening project at I-285 and Paces Ferry Road. During construction of the project, vehicles used an existing driveway to enter and exit the property on Cumberland Parkway.

---

[1] *Harper Investments v. Dept. of Transp.*, 251 Ga. App. 521, 523 (1) (554 SE2d 619) (2001).

In 2004, GDOT offered the remaining property, which consisted of slightly less than one acre, for bid. Annox was the high bidder at $470,000. Thereafter, GDOT executed a quitclaim deed to Annox for the property. In so doing, the GDOT conveyed

> all the right, title, interest, claim or demand which [GDOT] has or may have had in and to all [the] property . . . together with all and singular the rights, privileges and appurtenances thereto, or in any wise appertaining, to the only proper use, benefit and behoof of [Annox], their heirs and assigns forever.

Exhibit "A," attached to the deed and incorporated by reference, contained a description of the property and this language: "The grantor retains the right to a Construction and Maintenance Easement as shown colored Orange on the attached Plat." The easement is shown as lying along the side of Paces Ferry Road.

Annox submitted its plans, including a proposed entrance/exit configuration, to the Director of the Cobb County DOT, who approved the site for "right in only access [on Cumberland Parkway] due to the conflicts with the existing traffic movements and proximity to the intersection." Thus, Annox sought permission to exit the property on Paces Ferry Road. Because of its proximity to I-285, ingress and egress requests for Paces Ferry Road had to be submitted to the GDOT. Annox asked the GDOT for a "right out only drive onto westbound Paces Ferry Road." GDOT's District Traffic Engineer, Calvin Duncan, rejected the proposal in December 2004, stating that

> the frontage is located within the functional limits of the northbound I-285 on ramp. Turn lanes for the ramp, including an exclusive right turn lane and a right turn/through lane for the ramp, extend back to the intersection of Cumberland Parkway. Traffic exiting the site from the proposed drive location would have to traverse both turn lanes to enter a travel lane. Therefore, the proposed right out drive cannot be approved within the frontage on Paces Ferry Road.

Thereafter, Annox sought permission from Cobb County to exit the property onto Cumberland Parkway. The plans were submitted to the Director of the Cobb County DOT, who opposed the request for public safety reasons, stating:

> [T]he current lane configuration on Cumberland Parkway at the intersection with Paces Ferry Road includes dual

right turns in front of the subject property. The proposed egress location onto Cumberland Parkway is situated at the corner of the intersection. This will require exiting traffic to cross two lanes of traffic in order to proceed through the intersection; an even greater conflict to make a left turn.

Annox appealed the Cobb County DOT's decision to the County Manager, but he held no hearing and made no decision on the matter.

Annox sought rezoning of the property to allow a climate controlled storage facility as a permitted use. During the pendency of the rezoning application, Cobb County amended its zoning ordinance to allow the facility as a permitted use in the existing zoning classification. Thus, at a hearing before the BOC, Annox withdrew its rezoning request. However, it sought a special land use permit to increase its Floor Area Ratio density, and it continued to press for a right of egress on Cumberland Parkway. Following the recommendation of the Cobb County DOT, the BOC denied Annox's application. Annox appealed that decision to the superior court, asserting, inter alia, that the BOC's refusal to permit access to and from the property constitutes an inverse condemnation.

After discovery, Annox moved for partial summary judgment, asserting that Cobb County had taken its property, by depriving it of the right of access, without compensation as a matter of law. Annox sought a judgment that the property has a right of access, and a judgment that Cobb County must pay just and adequate compensation for depriving it of the right of access. Cobb County moved for summary judgment, arguing that Annox failed to exhaust its administrative remedies. The superior court granted partial summary judgment to Annox and denied summary judgment to Cobb County. We granted Cobb County's application for discretionary review.

1. Cobb County argues that the superior court erred in granting partial summary judgment to Annox on the issue of access to the property because a question of fact exists as to whether the property was "landlocked" when Annox purchased it. We disagree.

It is well established that the right of access, or easement of access, to a public road is a property right which arises from the ownership of land contiguous to a public road, and the landowner cannot be deprived of this right without just and adequate compensation being first paid. The easement consists of the right of egress from and ingress to the abutting public road and from there to the system of public roads. To be entitled to compensation, it is not necessary that a condemning authority totally cut off a landowner's access to an abutting road because interfering with access to

premises, by impeding or rendering difficult ingress or egress, is such a taking and damaging as entitles the party injured to compensation. Thus, any substantial interference with existing rights of ingress and egress will entitle a landowner to damages.[2]

Of course, "[t]he use of the street itself . . . is subject to reasonable regulation and control by the state . . . in the exercise of its police power."[3] However, "[w]hile [a governing authority] may, consistent with its police powers, prescribe that vehicles shall not pass over certain streets, nevertheless, the exercise of this authority may occasion a compensable taking, if access to adjoining property is prevented or impaired."[4]

The property in question abuts Cumberland Parkway. Therefore, Annox, the owner of the property, has a right of access to and from Cumberland Parkway.[5] Cobb County can regulate and control that access pursuant to its police power, but it cannot cut off all access without paying just and adequate compensation.[6]

Cobb County maintains that Annox does not have access rights to the property because it did not purchase them from the GDOT. In this regard, Cobb County points to the affidavits of appraisers who indicated that the property was "landlocked" when it was purchased by Annox. But it is the deed which governs access rights, and extrinsic evidence is admissible "only where the deed[ ] . . . is so ambiguous that its meaning cannot be determined through application of the ordinary rules of . . . construction. Absent such ambiguity, there is no question of fact to be resolved by the factfinder."[7] In the case at bar, the deeds at issue are not ambiguous. GDOT acquired the property and its access rights from Motiva. GDOT conveyed all of its rights in the property to Annox in fee simple, retaining only a construction and maintenance easement along Paces Ferry Road. It follows that Annox owns the property in fee simple and has access rights to the property.[8]

---

[2] (Punctuation and footnotes omitted.) *Harper Investments*, supra at 523-524 (1), citing *Dept. of Transp. v. Whitehead*, 253 Ga. 150, 151-152 (1) (317 SE2d 542) (1984).

[3] (Citations omitted.) *MARTA v. Datry*, 235 Ga. 568, 575 (I) (220 SE2d 905) (1975).

[4] (Citations omitted.) Id. at 576 (I).

[5] See *Whitehead*, supra; *Harper Investments*, supra.

[6] See *Dougherty County v. Hornsby*, 213 Ga. 114, 116 (1) (97 SE2d 300) (1957); *Whitehead*, supra; *MARTA*, supra at 577 (I); *Harper Investments*, supra at 524 (1).

[7] (Footnotes omitted.) *Second Refuge Church &c. v. Lollar*, 282 Ga. 721, 724-725 (2) (653 SE2d 462) (2007) (construction of a deed is a question of law which the appellate court reviews de novo).

[8] *Harper Investments*, supra at 523-524 (1).

2. Cobb County contends that the grant of partial summary judgment was premature because Annox failed to exhaust its administrative remedies. In this regard, Cobb County points out that Annox did not appeal GDOT's decision to disallow egress on Paces Ferry Road, and it did not complete its appeal to the County Manager from the decision of the Cobb County DOT refusing egress on Cumberland Parkway. Cobb County adds that, although Annox entered into discussions with a neighboring landowner for access rights, it has not brought suit against that landowner for a private right of way. This contention is without merit. Annox appealed to the superior court from the decision of the BOC. The rulings of other agencies are not at issue here. Even if it can be said that Annox "may have alternative access to its property on an abutting street or may be granted alternative access [over a private right of way], such factors go to the amount of damages, if any, due [Annox] for the deprivation of one means of access to its property."[9]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 23, 2008.

*Bentley, Bentley & Bentley, Fred D. Bentley, Jr.*, for appellants.
*Dillard & Galloway, G. Douglas Dillard, Andrea C. Jones*, for appellee.

