**SECOND DIVISION
MILLER, P. J.,
DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 27, 2017**

# In the Court of Appeals of Georgia

A17A1109. WHITE v. DEPARTMENT OF TRANSPORTATION     DO-044

DOYLE, Judge.

This appeal arises from a declaration of taking and petition to condemn property by the Department of Transportation ("DOT") for construction of a retaining wall related to State Route 16. The petition was filed as to land known as Parcel 32, which consists of a shopping center with multiple, separately owned but connected buildings, one of which is owned by appellant, James White, Jr., who also owns an easement in the shopping center parking lot and ingress/egress easements from the rear of his building to the parking lot and from the parking lot to the road. White appealed DOT's declaration of taking, disputing that the compensation offered by

DOT was just.[1] DOT filed a motion for partial summary judgment. White appeals the trial court's grant of DOT's motion, arguing that (1) there is a factual dispute regarding whether his property was included as part of the condemned property, and (2) summary judgment was improper because his access easement rights were altered causing consequential damages. For the reasons that follow, we affirm.

"Generally, the issue of whether compensation is just and adequate is a jury question, not susceptible to summary judgment[, and t]he burden of proving just and adequate compensation is on the condemnor[.]"[2] Nevertheless, if it appears from the pleadings and evidence that there is no issue of material fact, then a party moving for summary judgment "is entitled to summary judgment as a matter of law."[3]

So viewed, the evidence shows that on March 22, 2013, DOT condemned a portion of Parcel 32, including .040 acres of land for additional right of way for widening State Route 16 in Monticello, Georgia; .094 acres of permanent easement; and 2 temporary driveway easements. Parcel 32 is entirely owned by Mary Patrick,

---

[1] White also filed an inverse condemnation case to preserve his rights to just compensation; however, that action is not before this Court at this time.

[2] (Citations omitted.) *Lee v. City of Atlanta*, 219 Ga. App. 264, 267 (4) (464 SE2d 879) (1995).

[3] Id. at 265 (2).

2

as the Trustee under the Last Will and Testament of Walter Fred Armistead, deceased. DOT named Mary Patrick, White, and a number of other related owners, leasees, and interested persons in its petition to condemn.

Out of all the named owners, White was the only one to file an appeal. It is undisputed that Parcel 32 contains a shopping center and parking lot, and White owns an 8,125 square foot tract of land ("Tract A") covered by a commercial building (also owned by White) within the shopping center and bounded on the north, south, and west by Parcel 32.[4] A building owned by a third party flanks the remaining east side of Tract A. White also owns a parking and access easement on Parcel 32 that provides for White, his tenants, and his customers: non-exclusive parking in the shopping center parking lot, ingress and egress from State Route 16 over Parcel 32, and an additional 20-foot wide easement for access from the shared parking lot around the shopping center to the rear of White's building for loading dock access. The portion of Parcel 32 taken by DOT consists of the northern most portion of Parcel 32 fronting State Route 16.

---

[4] White leased the property to a discount retail chain store, but the lease ended and the store moved out of the property around the same time as the condemnation.

3

Licensed professional engineer William Price averred that no portion of Tract A is part of the condemned property. The deposition of real estate appraiser Michael Biggers was presented by White, and Biggers deposed that White was owed compensation in the amount of $2,445 for the condemnation's impact solely to his parking easement on Parcel 32. Additionally, Biggers testified that he calculated consequential damages to be a 50 percent reduction in the estimated value of Tract A due to the taking of a portion of Parcel 32 (from $122,400 to about $60,000), which he based on the addition of a wall and guardrail that affect building visibility, the steep grading on the driveway that affects accessability, the taking of a sign, and potential increased water flow from the steep grading. Biggers testified that White's property consisted of a building and an easement, neither of which would be worth much without the other. Price averred that the original access points to the shared parking lot were reconnected to State Route 16 after widening and construction of the retaining walls was completed. Biggers, however, testified that the western driveway was more steeply graded than before, which made the property less accessible for many of the vehicles common in a rural area such as this.

The trial court granted DOT's motion for partial summary judgment, finding that while White may seek compensation for his easement interest in the land for

4

which it awarded White $2,445, he could not recover damages to his contiguous property in the condemnation proceeding itself, finding instead that White needed to pursue those claims in an inverse condemnation action.

White contends that there is a question of fact as to whether Tract A was considered part of Parcel 32 for ownership purposes, or alternatively, he contends that the trial court should have addressed his claims for consequential damages to Tract A based on the taking of his easement rights in Parcel 32. We agree with the trial court, however, that White's consequential damages claim to Tract A must be pursued in his inverse condemnation action.

It is axiomatic that

in order for a condemnee to recover consequential damages to the remainder of his property when only a part is taken, it must appear that the damages to the remainder proximately and naturally arose from the condemnation and taking of the *condemnee's own property*. Consequential damages to a contiguous tract of land having a different ownership from that in which the taking occurs may be real and may in fact exist, but *a separate owner's claim for consequential damages to his land contiguous to the tract where the taking occurs cannot be asserted in a condemnation action*. Consequential damages to 'the remainder of the tract in which the taking occurs' are the only

5

consequential damages that may be recovered in the condemnation action.[5]

Despite his arguments otherwise, White presented no evidence of common ownership of Tract A and Parcel 32. Tract A, although landlocked, is a contiguous parcel for the purposes of condemnation.[6] White does not argue on appeal that the trial court's award of $2,445 was not a sufficient award for the damages he sustained to his easement over Parcel 32,[7] and the remainder of his claim — the consequential damages as testified to by Biggers that diminished the value of Tract A as a result of

---

[5] (Punctuation omitted; emphasis in original.) *Dept. of Transp. v. Simon*, 151 Ga. App. 807, 810 (1) (261 SE2d 710) (1979), quoting *Ga. Power Co. v. Bray*, 232 Ga. 558, 560 (207 SE2d 442) (1974), and citing *Southwire Co. v. Dept. of Transp.*, 147 Ga. App. 606, 607 (1) (249 SE2d 650) (1978).

[6] See, e.g, *Bray*, 232 Ga. at 560; *Simon*, 151 Ga. App. at 811 (1).

[7] See *Dept. of Transp. v. Whitehead*, 253 Ga. 150, 152 (2) (317 SE2d 542) (1984). See also *Lee*, 219 Ga. App. at 266 (3) (explaining that an owner of an easement is entitled to compensation measured by the value of the easement when the easement is extinguished by eminent domain). And we note that while DOT conceded White could "recover consequential damages in this condemnation action for the reduction in the value of his easement interest, if any, in the remainder of the subject property (Parcel 32) proximately caused by the normal and proper maintenance and operation of the public improvement on the part of the property that was taken," White has put forth no evidence or argument that he in entitled to such damages beyond the $2,445 awarded by the trial court.

6

DOT's condemnation of Parcel 32 and changes to that property — must be addressed in his inverse condemnation action.[8] While this creates the need for two cases to address very similar subject matter, this is the rule in Georgia.[9]

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*

---

[8] See *Bray*, 232 Ga. at 560. White's arguments that the estimated value of Tract A has been reduced due to the taking of a portion of Parcel 32, the addition of a wall and guardrail, the steep grading on the driveway, a taking of a sign, and increased water flow are appropriately addressed via his inverse condemnation claim.

[9] See *Simon v. Dept. of Transp.*, 245 Ga. 478, 479 (265 SE2d 777) (1980) ("Though the law generally favors the prevention of a multiplicity of actions, it appears that condemnation law in Georgia rather strictly limits the relevant evidence in condemnation cases and therefore separate suits for different kinds of damages are not uncommon.").